STEWART ELLISON v. FRANK RIX.

*Pleading—Payment—Practice—Evidence.*

1. The defense of payment being one which confesses the cause of action and seeks to avoid it by new matter, the party setting it up must plead and prove it.

2. Whether or not the loss of a paper has been sufficiently proved to admit parol evidence of its contents is a question for the court, but if the judge, not content with his ruling, leaves the matter to the jury, whose finding agrees with that of the court, there is no harm done, and therefore no error.

3. It is not error to refuse to charge that the failure to produce the subscribing witness to a note is evidence that it was never executed, when there is no evidence that there ever was a witness.

( *Wells* v. *Clements*, 3 Jones, 168 ; *State* v. *Revels*, Busb. 200, cited and approved.)

CIVIL ACTION begun before a justice of the peace and tried on appeal at Fall Term, 1881, of WAKE Superior Court before *Gilmer*, J.

The plaintiff filed the following complaint in which he alleged :

1. That defendant executed and delivered to plaintiff on the —— day of December, 1867, his bond under seal for the sum of one hundred and nineteen dollars, due and payable twelve months after date.

2. That no part of said bond has been paid and the same has been mislaid or lost and plaintiff after due diligence is unable to find the same.

Wherefore plaintiff prays judgment against the defendant for the sum of one hundred and nineteen dollars, with interest thereon from the —— day of December, 1868, together with costs.

A bond of indemnity was tendered and filed. The defendant answered :

1. He denies each and every allegation of section one of

the complaint, and says they and each of the same are untrue.

2. He denies each and every allegation in section two of the complaint, and says that they and each of them are untrue. Wherefore he demands judgment that he recover of the plaintiff his costs, and that the action be dismissed.

On the trial the following issues were submitted to the jury:

1. Did the defendant in December, 1867, execute his note to the plaintiff for $119? Ans. Yes.

2. Has said note been lost? Ans. Yes.

The defendant asked the court to submit the further issue, to-wit: Has the said note or any part thereof been paid? which the court declined to do, and the defendant excepted. After a good deal of evidence as to the loss of the bond, a witness began speaking of its contents. The defendant objected to any proof of the contents on the ground that the loss had not been sufficiently accounted for, but the objection was overruled, and the defendant excepted.

During the charge the defendant asked the court to tell the jury that inasmuch as no subscribing witness was produced or accounted for, this was evidence to the jury to show that the note was not executed. The court declined to give the instruction, remarking to the jury that there was no evidence as to whether there was or was not a subscribing witness. There was a verdict and judgment for plaintiff, and the defendant appealed.

*Mr. Armistead Jones,* for plaintiff.
*Messrs. Argo & Wilder,* for defendant.

ASHE, J. The first exception taken by the defendant to the ruling of His Honor in the court below is, to his refusal to submit an issue to the jury—whether the note, or any part thereof had been paid: His Honor, we suppose, ex-

cluded the evidence because payment was not specially pleaded. Whether under the code-practice, payment is a defence that may be given in evidence under a general denial, or must be specially pleaded in the answer, is a question which has given rise to a good many conflicting decisions and a contrariety of practice in different states. In California the courts have held that it may be given in evidence under a general denial, and that the plea of payment was but a traverse of the plaintiff's allegation of non-payment. In Indiana the plea of payment is held to be a statement of new matter, to be met by a reply like other new matter, and that the facts put in issue by a denial are only those which it is incumbent on the plaintiff to prove as a part of his case. In Kansas it is held that proof of payment is new matter and cannot be given in evidence under a general denial. In New York the current of authorities is, that evidence of payment could not be given without an averment in the answer. *McKyring* v. *Bull,* 16 N. Y., 297; *Texier* v. *Gouin,* 5 Duer., 389; *Edson* v. *Dilange,* 8 Howard Pr., 273.

In *Van Giesen* v. *Van Giesen,* 12 Barb., 520, the court held that neither payment nor any other defence which confesses and avoids the cause of action can in any case be given in evidence as a defence, in an answer containing simply a general denial of the allegations of the complaint; and it has been there held that the defendant may give as evidence under the general denial, whatever controverts the allegations of the complaint, which the plaintiff is bound to prove in order to make out his case. *Andrews* v. *Bond,* 16 Barb., 633. And again it has been held in that state when new matter is relied upon in defence, it must be set out in the answer. *Weaver* v. *Barden,* 49 N. Y., 286; *Evans* v. *Williams,* 6 Barb., 34, Whitaker Practice, 87. From which authorities we gather that under a general denial, any evidence that tends to controvert the allegations of the complaint, which the

plaintiff must prove to sustain his action, may be given to the jury. But where the defence relied upon is *new matter*, or is in confession and avoidance of the plaintiff's cause of action, it cannot be given in evidence in a denial of the allegations of the complaint, but must be set out in the answer.

It is true the complaint in the case contains the allegation that the bond sued on has not been paid, but that is an averment that the plaintiff is not required to prove. The *onus* in that case is in the defendant who maintains the affirmative of the issue, and the defence of payment is in *confession and avoidance*, and is *new matter*. That is new matter which shows that a cause of action which once existed has been defeated by something which has subsequently occurred. *Evans* v. *Williams, supra*. Payment, then, is new matter, and our conclusion is that there was no error in overruling this exception.

The second exception of the defendant was to the ruling of His Honor upon the objection that sufficient proof had not been offered of the loss of the bond sued on to let in evidence of its contents: This was a question for the court, which it decided in overruling the objection. Taylor's Ev., 35; Greenleaf's Ev., 526; 11 M. & W., 486. But the court not content with its own ruling, submitted the question of loss to the jury, who upon the evidence found that the note sued on had been lost. This was not properly a question for the jury, but as the finding was in accordance with the ruling of the court there was no harm done, and therefore no error.

The third exception was to the refusal of the court to charge the jury as requested, "that inasmuch as no subscribing witness was produced, or accounted for, this was evidence to the jury to show that the note was not executed": The court declined to give this charge, and very properly met the exception by remarking to the jury, that

there was no evidence as to whether there was or was not a subscribing witness.

In the argument of the case, the defendant's counsel insisted there was not sufficient proof of the execution, nor of the contents nor of the loss of the note sued on, and that there was not sufficient evidence to identify the note in evidence and that sued on. If this may be considered as a prayer for instruction, the court declined to give it, and very properly. Whether the loss of the bond was sufficiently proved to admit secondary evidence of its contents, as we have shown, was a question for the court, and it being admitted in the argument or prayer for instruction, that there was some evidence, it was the exclusive province of the jury to determine whether the evidence was sufficient to establish the facts of the execution and contents. *Wells* v. *Clements*, 3 Jones, 168; *State* v. *Revels*, Busb., 200.

There is no error. The judgment of the court below must be affirmed.

No error.                                    Affirmed.