MAMIE W. BAKER v. MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY.

(Filed 14 October, 1914.)

**Insurance, Life—Defense—Suicide—Trials—Burden of Proof—Nonsuit.**

Where an insurance company interposes the defense of suicide of the insured to avoid recovery by the plaintiff in his action on a life insurance policy, the burden of proof is on the defendant to show, by the greater weight of the evidence, the fact of suicide, and a nonsuit upon the evidence will not be allowed.

APPEAL by defendant from *Daniels, J.,* at June Term, 1914, of CARTERET.

Action to recover upon a life policy of insurance, and the defense relied on is that the deceased committed suicide.

There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.

*T. D. Warren and A. D. Ward, Abernethy & Davis for plaintiff.*

*Guion & Guion, Munford Hunton, Williams & Anderson for defendant.*

PER CURIAM. This is a second appeal in the same action, the first being reported in 163 N. C., 175.

The only issue in controversy upon the second trial was the following: "Did the insured die by his own hand or act with intent to commit suicide?" which was answered in favor of the plaintiff, and the only exceptions seriously debated are to the charge of his Honor instructing the jury that the burden was upon the defendant to prove by the greater weight of the evidence that the deceased committed suicide, and to the refusal to charge the jury to answer the issue "Yes" if they believed the evidence.

In our opinion, there is no error in either ruling. When an insurance company seeks to avoid payment of a policy on account of suicide, the burden of the issue is on the defendant (*Thaxton v. Ins. Co.,* 143 N. C., 37), and "the weight of the evidence must be with the party who has the burden of proof, or else he cannot succeed." *Chaffin v. Mfg. Co.,* 135 N. C., 100.

The evidence as to suicide was circumstantial, and while sufficient to justify an answer to the issue in favor of the defendant, it was not conclusive, and the inference of an accidental killing could be accepted.

If so, it was for the jury, and not his Honor, to draw the inference, and to have given the peremptory instruction requested would have been an invasion of the province of the jury.

No error.