MRS. M. N. HEDGECOCK v. JEFFERSON STANDARD LIFE INSURANCE COMPANY.

(Filed 15 December, 1937.)

**1. Insurance § 37—**

Where the beneficiary of a life policy introduces in evidence the policy and the admissions in insurer's answer that it issued the policy, that insured was dead, and that plaintiff beneficiary had filed proper proof of death, plaintiff establishes a *prima facie* case.

**2. Insurance § 37—Statements contained in certificates executed by parties other than plaintiff are not binding on plaintiff.**

Where the certificate of the coroner-physician, filed by the beneficiary as part of the proof of death, states that insured committed suicide, which statement is denied by the beneficiary in her attached letter, the beneficiary is not bound by the statement in the certificate not executed by her, and such statement does not constitute evidence offered by her in support of the affirmative defense of suicide set up by insurer in the beneficiary's action on the policy.

**3. Trial § 22c—**

Where plaintiff makes out a *prima facie* case, a nonsuit may not be granted upon defendant's evidence in support of an affirmative defense, a nonsuit upon an affirmative defense being permissible only if plaintiff's own evidence establishes such defense as a matter of law.

**4. Insurance § 37—Insurer is not entitled to nonsuit upon affirmative defense unless plaintiff beneficiary's own evidence establishes it.**

Where plaintiff beneficiary makes out a *prima facie* case, and defendant insurer sets up the affirmative defense that insured committed suicide, and that therefore no recovery could be had under the relative provision of the policy, and insurer introduces evidence in support of its defense, but

no evidence in regard thereto is introduced by plaintiff, it is error for the court to grant insurer's motion to nonsuit, since a motion to nonsuit may not be allowed in favor of a party upon whom rests the burden of proof.

APPEAL by plaintiff from *Harding, J.,* at August Term, 1937, of GUILFORD.  New trial.

This is an action instituted by the plaintiff against the defendant to recover $2,000, the face amount of a policy of insurance issued by the defendant 15 May, 1934, on the life of Marshall Nicholis Hedgecock. The plaintiff was named beneficiary in the policy.  The insured died 29 September, 1934, from the effects of a bullet wound in the head.

The defendant admitted the issuance of the policy, the death of the insured, the proper filing of proof of death by the beneficiary, set up the affirmative defense that the insured came to his death from a self-inflicted wound and denied liability by reason thereof.  At the conclusion of all the evidence defendant's motion to dismiss as of nonsuit was allowed and judgment was entered accordingly.  Plaintiff excepted and appealed.

*Frazier & Frazier for plaintiff, appellant.*
*Smith, Wharton & Hudgins for defendant, appellee.*

BARNHILL, J.  At the trial of this cause the plaintiff offered the admissions contained in defendant's answer and the policy of insurance and rested.  This made out a *prima facie* case for the plaintiff.

The defendant then proceeded to offer evidence tending to sustain its affirmative defense under the terms of the policy, which provides: "In case of self-destruction committed, whether sane or insane, within two full years from the date hereof, the extent of recovery hereunder shall be the premiums paid."

The defendant's evidence tended to show that the insured was a car foreman employed by the Southern Railway Company; that he was found dead about 7:15 a. m., 29 September, 1934, in a small office used by him on the Pomona yards of the Southern Railway in the city of Greensboro; that there was a bullet wound in the right side of the head with the point of exit on the left side; that the office was closed; that there was blood on the desk and papers at which the deceased had apparently been sitting; that there was a note found on the desk, in the handwriting of the deceased, the wording of which indicated a suicidal intent.  Those who found the body, other than one Dempsey, and the officers who later went to the scene of the death found no pistol or other weapon; the witness Dempsey testified that he found a pistol lying near the body and recognized it as one he had loaned the deceased; that

thereupon he took the pistol, concealed it about his person and carried it home without saying anything to any of the others about having found it. When asked about the pistol he first denied that he loaned the deceased a weapon, but testified that he did in fact lend him a pistol and that the one he found was his. He further testified that he loaned the deceased a Smith & Wesson, whereas the one offered in evidence was a Colt.

As a part of the proof of death the plaintiff filed her certificate, in which it was stated that the cause of death was a bullet wound in the head. She also filed a physician's certificate signed by W. W. Harvey, M.D., in which it was stated that the cause of death was suicide. Dr. Harvey likewise signed a certificate of death, which was filed with the State Registrar. In this certificate it was likewise stated that the cause of death was suicide and that the deceased shot himself through the head with a pistol. These certificates were offered in evidence by the defendant.

The defendant having admitted the issuance of the policy, the death of the insured and due proof of death, the burden of proof rested upon the defendant to establish its affirmative defense. That this was the only real matter at issue was recognized by the defendant. The record discloses that counsel for the defendant stated in open court that the sole issue in the case is whether he did or did not commit suicide.

The statements contained in the certificates executed by parties other than the plaintiff are not binding upon her. The physician was required to file a certificate with the State Registrar, and the plaintiff was required to file a certificate as a part of the proof of death, but these statements are not conclusive as to her cause of action. When the proof of death and certificates were filed with the defendant they were accompanied by, or attached to, a letter in which it is stated: "The beneficiary takes issue with the verdict of the coroner's jury. There was little or no evidence submitted to such jury, and such evidence as was submitted does not bear out the suicide theory." In filing proof of death under the terms of the policy in the manner required by the defendant the plaintiff did not adopt or become bound by the statements of the coroner-physician. *Spruill v. Ins. Co.,* 120 N. C., 141, is not in point. In that case the beneficiary filed a proof of loss, in which she stated that the deceased died by his own hand. At the trial this statement on her part was not contradicted. Even so, in that case there was a directed verdict against the plaintiff and not a judgment of nonsuit.

A judgment of nonsuit is permissible against one upon whom the *onus* of proof rests when there is no evidence or a mere scintilla of evidence, but a judgment of nonsuit is never permissible in favor of the

party having the burden of proof upon evidence offered by him. *Clark, C. J.,* in *Wharton v. Ins. Co.,* 178 N. C., 135, citing *Spruill v. Ins. Co.,* 120 N. C., 141, says: "The burden of proof being on the defendant to prove its defense the court could not adjudge that an affirmative defense is proven, for that involves the credibility of the witnesses, which is a matter for the jury."

Where an insurance company interposes the defense of suicide by the insured to avoid recovery by the plaintiff in his action on a life insurance policy the burden of proof is on the defendant to show by the greater weight of the evidence the fact of suicide, and a nonsuit upon the evidence will not be allowed. The weight of the evidence must be with the party who has the burden of proof, or else he cannot succeed, and the jury is the sole judge of the weight and credibility of the testimony. *Baker v. Ins. Co.,* 168 N. C., 87; *Thaxton v. Ins. Co.,* 143 N. C., 34; *Chaffin v. Mfg. Co.,* 135 N. C., 95; *Parker v. Ins. Co.,* 188 N. C., 405.

There is but one exception to this rule. When the plaintiff offers evidence sufficient to constitute a *primà facie* case in an action in which the defendant has set up an affirmative defense, and the evidence of the plaintiff establishes the truth of the affirmative defense as a matter of law, a judgment of nonsuit may be entered. This more frequently occurs in actions in which the defendant pleads contributory negligence. But when the evidence is conflicting, or when the only evidence offered on the affirmative defense is that of the party upon whom the *onus* of proof rests, the cause must be submitted to the jury. In such instances a judgment of nonsuit may not be substituted for a directed verdict.

The plaintiff herein offered no testimony tending to show that the deceased came to his death from a self-inflicted wound. All of the evidence tending to support the defendant's allegations of affirmative defense was offered by the defendant.

The defendant's cause rests largely upon the evidence of the witness Dempsey, whose statements were conflicting. The plaintiff has the right to have this testimony submitted to a jury to determine the weight and credibility of the evidence. The court below in effect found that the affirmative defense had been established by the testimony. This finding rests exclusively with the jury.

The cause is remanded to the end that there may be a

New trial.