MRS. ELIZABETH MacCLURE, Administrator of the Estate of DOUGLAS MacCLURE, Deceased, v. ACCIDENT AND CASUALTY INSURANCE COMPANY OF WINTERTHUR, SWITZERLAND, a Corporation.

(Filed 13 October, 1948.)

**1. Insurance § 48—**

When the policy provides coverage while the car insured is being driven with insured's permission by another in the prosecution of insured's business, such driver stands in the same relation to the injured person as the named insured in regard to liability on the policy.

**2. Insurance § 44c—**

Where it appears that insured's agent gave insurer notice of the accident shortly after it occurred, and that insurer investigated the accident, knew of the institution of action against insured, and employed counsel to defend that suit, the defense that insurer had not been notified of the accident in the manner stipulated in the policy is not available.

**3. Insurance § 44d—**

Provision in a liability policy for co-operation by insured in preparing and prosecuting the defense to an action by the injured party is material, and substantial breach of this provision by insured would defeat recovery on the policy.

**4. Evidence § 8—**

The burden of proving an affirmative defense is on defendant.

**5. Insurance § 44d—**

After notice to the insurer of the accident, non-co-operation by insured in the preparation and prosecution of the defense to an action instituted by the injured party against insured, constitutes an affirmative defense to liability on the policy, regardless of whether the policy designates the co-operation clause a condition precedent, since such matters relate to conduct of insured subsequent to the accident maturing the liability.

**6. Same—**

Breach of the co-operation clause in the policy of liability insurance must result in detriment to insured in performance of its obligation to defend an action instituted by the injured person against insured in order to constitute a defense to liability on policy.

**7. Trial § 24a—**

　　Defendant cannot be entitled to nonsuit on an affirmative defense upon evidence offered by him, but nonsuit on an affirmative defense is proper only when plaintiff's evidence establishes the defense, since regardless of the weight and clarity of defendant's evidence upon the issue, the credibility of the evidence remains for the determination of the jury. G. S., 1-183.

**8. Insurance § 50—**

　　Execution on judgment obtained against insured by the party injured in an accident was returned *nulla bona*, and the person injured instituted this action against insurer on a policy of liability insurance. *Held:* Nonsuit on insurer's evidence of breach of the co-operation clause by insured was error, since such breach constitutes an affirmative defense with the burden of proof thereon upon insurer.

Plaintiff's appeal from *Sink, J.,* Regular January Term, 1948, Buncombe Superior Court.

This action to recover damages for the personal injury and death of plaintiff's intestate, was brought against the defendant Company on an accident or casualty insurance policy issued to one Dewey Delph with respect to injury or damage caused in the use of a LaSalle sedan owned by him. Delph was the proprietor of a carnival, or show, known as the "Blue Ribbon Shows," traveling in North Carolina, Virginia, Tennessee, and other southern states, with headquarters in Atlanta, Georgia; and was, at the time of the accident giving rise to the suit, showing in Asheville, North Carolina. At the time of the injury the offending automobile was being driven on the streets of Asheville by William F. Spence, a member of the show personnel, with the permission of the owner, Delph. The deceased, a small child, was fatally injured in a collision with the car so driven, on the 17th day of October, 1945, and died a few hours thereafter.

Delph notified defendant's Atlanta agent of the accident October 19 following, and in turn the latter notified defendant's district claim representative, Barnette. C. V. DeVault, claim agent at Asheville, was authorized to make investigation and take the matter in charge. Suit was begun October 1, 1946, and service was made on the Commissioner of Motor Vehicles under G. S., 1-105, October 14; and M. D. Kauffman, as purported agent in behalf of Spence, receipted registered notice thereof at Nashville, Georgia, October 24. The defendant employed Messrs. Smathers & Meekins of Asheville in behalf of Delph and Spence, to defend the action against them. Through these and other agencies the present defendant made continuous efforts to locate either or both of the defendants by letters written to each of them and by inquiries of persons thought likely to know their whereabouts or to be acquainted with the itinerary of the show. These efforts were unsuccessful as far as Spence

was concerned until a registered letter mailed to him at his home, Wytheville, Virginia, and there receipted for him by a purported agent, reached him April 7, 1947, at Brunswick, Georgia.

Meantime numerous letters had been written from time to time in which the necessity for filing answer to the suit was stressed and the failure to co-operate and its consequences both upon the suit and upon the attitude of the Company toward the suggested failure to co-operate according to the terms of the policy. Many of these letters were returned undelivered. Meantime, counsel for the plaintiff in that suit, Messrs. Williams & Williams, at the request of the defense attorneys, agreed to an extension of time to file answer; and finally, at the request of defense counsel, consented that the latter might file an unverified answer, and that the time should be extended until April 7. Such an answer had been prepared by defense counsel some time in March.

On April 7, 1947, Messrs. Smathers & Meekins, not having heard from Spence, filed a motion to be permitted to withdraw as counsel, which motion was supported by an affidavit reciting in detail the history of the case, the numerous attempts made to locate the client, reciting the provisions in the policy relative to co-operation as a condition precedent to its recovery, and requesting the court to find the facts. The Insurance Company had suggested withdrawal by letter of March 25,—"and then it shows on the Court Record that we have done everything within our power to locate Spence and have him verify his answer and co-operate with his insurer."

Permission at that time was declined and was not granted until May 12, following, at which time Judge Gwyn allowed the motion, making the requested findings of fact. This entire proceeding, including the findings of Judge Gwyn, was offered in evidence by the defendant and admitted over plaintiff's objection.

In response to the letter received by Spence at Brunswick, Georgia, April 7, he telegraphed Messrs. Smathers & Meekins on April 8 that he had received the letter the night before too late to answer by Western Union and could not communicate by telephone because of the strike, and asked to know what they wanted him to do. To this counsel replied by wire, stating that they had filed a motion to withdraw from the case and would take no further action unless assured that he would keep them advised every two weeks where he could be reached the following two weeks and that he would come to the trial; that if he agreed to do that he must "sign and return the answer as explained in our letter of March 7, or if not available, will prepare and forward another, provided you act at once and will co-operate from here on." The signed, verified answer was received by defense counsel on April 16. The record does not disclose that counsel did anything in the matter after locating Spence

except press the motion to withdraw which, as stated above, was granted on May 12.

Meanwhile, judgment by default and inquiry was signed April 11, and upon the inquiry of damages judgment was rendered against Spence for $11,000. Execution was issued on this judgment and returned *nulla bona;* the judgment, execution and return were manifested in evidence.

The policy contains the following provisions more immediately pertinent to this review and discussed in the opinion:

"6. NOTICE OF ACCIDENT. When an accident occurs written notice shall be given by or on behalf of the Insured to the Company at its United States Head Office at New York, N. Y., or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and address of the injured and of available witnesses."

"7. NOTICE OF CLAIM OR SUIT. Coverages A and B. If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative."

"8. ASSISTANCE AND COOPERATION OF THE INSURED. Coverages A and B. The Insured shall cooperate with the Company and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident."

"11. ACTION AGAINST COMPANY. Coverages A and B. No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the Claimant and the Company."

"III. DEFINITION OF 'INSURED.' The unqualified word 'Insured' wherever used in Coverages A and B and in other parts of this policy, when applicable to such coverages, includes the Named Insured, and, except where specifically stated to the contrary, also includes any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the Named Insured."

There were numerous exceptions on the part of the plaintiff as to the exclusion of the evidence offered by him and to the admission of evidence offered by the defendant. They are omitted except as noted in the opinion.

At the conclusion of the plaintiff's evidence and again at the conclusion of all the evidence, the defendant demurred to the evidence and moved for judgment as of nonsuit, which was allowed, and the plaintiff appealed.

*Williams & Williams for plaintiff, appellant.*

*Harkins, Van Winkle & Walton for defendant, appellee.*

Seawell, J. Preliminarily we should observe that under the definition of "insured" in the above quoted clause of the policy, Spence, operator of the LaSalle automobile by permission of the owner, is as much entitled to the benefit of the insurance as the "named insured," Delph, and stands in the same relation to the plaintiff in the procedure for ultimate recovery.

The defense that the insurer had not been notified of the accident or of the institution of the suit against him is not tenable. Delph had promptly notified agents of the Company of the occurrence and they, together with claim adjuster DeVault, were immediately and actively employed in the investigation of the accident soon after it occurred. The record shows that the defendant was aware of the institution of the suit and immediately employed counsel to defend both Delph and Spence. In that capacity the counsel designated knew of the institution of the suit and were so conversant with the facts and with the plaintiff's claims, presumably as alleged in the complaint, that in an early letter addressed to Spence they advised him that he had a good defense, which defense they formulated in an answer.

The case is distinguishable on principle from *Peeler v. Casualty Co.,* 197 N. C., 286, 148 S. E., 261, cited by the appellee, as may be seen from the statement of facts in that case, p. 287: "It is admitted that the defendant never had written notice of a collision and knew nothing about it until the trial between the plaintiff and Graham had begun." (Graham was the insured.)

The plaintiff does not contest the only point in the *Peeler case* applicable to the case at bar,—that a forfeiture of his rights by the insured through substantial breach of the co-operation clause would defeat recovery on the policy. *Sears v. Casualty Co.,* 220 N. C., 9, 16 S. E. (2d), 419. There is no question here as to the validity and importance of clauses in liability insurance policies similar to that with which we are dealing, to the materiality of which appellee's counsel address many cita-

tions of authority. But the issue here concerns the manner in which the breach of the co-operation clause may be ascertained, and by which branch of the court it may be determined,—judge or jury. The cases cited by the appellee are not briefed to that point and will be found to vary in material aspects, both factual and legal.

The controversy narrows down to the co-operation clause in the policy of insurance and the propriety of nonsuit of the plaintiff, after a *prima facie* case had been made out, solely on defendant's evidence of its breach. We find no other plausible ground upon which the case could have been taken from the jury, except upon some breach of that clause; and appellee's brief, in its statement of the question involved, frankly assumes that nonsuit was granted on that ground, and defends here upon that theory.

The general rule is that the party who seeks to avoid liability by interposing an affirmative plea assumes the burden of proving his allegation by competent evidence before the jury. Stansbury, North Carolina Evidence, sec. 208; McIntosh, North Carolina Practice and Procedure, sec. 474; 38 C. J. S., Evidence, sec. 104, 162-3-4; *Pearson v. Pearson,* 227 N. C., 31, 32, 40 S. E. (2d), 477; *Wilson v. Casualty Co.,* 210 N. C., 585, 188 S. E., 102.

As we are dealing with a nonsuit of plaintiff's action based upon an affirmative defense set up by the defendant while the burden of proof with respect thereto rested upon him, it is well to say that we are advertent to the fact that the policy names compliance with all its terms a condition precedent to the maintenance of the suit. In passing it may be observed that the defendant made no objection to the pleading in that respect, and voluntarily undertook to prove its affirmative defense in avoidance of liability.

The designation of the condition as a condition precedent does not necessarily vary the court procedure or the rules of evidence which places the burden of proving an affirmative defense upon the party making it, especially where the condition relates to the conduct of the insured subsequent to the accident maturing the liability. The rule applies to that which is "affirmative in substance and not necessarily in form." Stansbury, North Carolina Evidence, sec. 208; *Walker v. Carpenter,* 144 N. C., 674, 57 S. E., 461; *Williams v. Ins. Co.,* 212 N. C., 516, 193 S. E., 728; *Wilson v. Casualty Co., supra.*

By the great weight of authority the rule is specifically applicable where the breach of the co-operation clause in insurance policies similarly worded is pleaded and relied upon by the insurer; and the burden of proof carries the issue to the jury.

In *General Casualty & Surety Co. v. Kierstead,* 67 F. (2d), 523, 525, the Court stated the principle thus: "The condition of the policy requir-

ing co-operation by the insured is in the nature of a condition precedent
to liability on the company's part for the loss growing out of a claim
with the disposition of which the insured's co-operation is demanded,"
but further says, "The defense is an affirmative one pleaded by the de-
fendant, and the burden of proof was upon it. *Francis v. London Guar-
antee & Accident Co.*, 100 Vt., 425, 138 A., 780; *Cowell v. Employers'
Indemnity Corp.*, 326 Mo., 1103, 34 S. W. (2d), 705; *Conroy v. Com-
mercial Casualty Ins. Co.*, 292 Pa., 219, 140 A., 905; *United States
Fidelity & Guaranty Co. v. Remond*, 221 Ala., 349, 129 So., 15."

The attempt by mere nomenclature to convert what is really a promis-
sory warranty into a condition precedent is dealt with in Williston on
Contracts, Vol. 3, sec. 667A, p. 1919:

> "The application of this principle to insurance policies is fre-
> quent, and the law has been thus stated: 'Those clauses usually
> contained in policies of insurance, which provide that the policy
> shall become void, or its operation defeated or suspended, or the
> insurer relieved wholly or partially from liability, upon the
> happening of some event, or the doing, or omission to do some act,
> are not in any proper sense conditions precedent. If they may
> properly be called conditions, they are conditions subsequent, and
> matters of defense, which, together, with their breach, must be
> pleaded by the insurer to be available as a means of defeating a
> recovery on the policy; and the burden of establishing the defense,
> if controverted, is, of course, upon the party pleading it.'"

It is to be observed that in substance the plea relates to conduct of the
insured after the liability on the policy has matured by reason of the
accident. It is not questioned that liability on the policy matures upon
the happening of the accident; and the rights of the insured attach
subject to be defeated by substantial failure to co-operate in a matter
essential to the defense. Blashfield, Automobile Law, Vol. 6, sec. 4071,
p. 111; *Pennsylvania Casualty Co. v. Phoenix*, 139 F., (2d), 823; *Dunn
v. Jones*, 53 P. (2d), 918, 143 Kan., 218; *Fallon v. Mains*, 19 N. E.
(2d), 68, 302 Mass., 166.

"The liability insurer claiming the forfeiture by the insured's breach
of the co-operation clause has the burden of proof in that respect";
Appleman, Insurance Laws and Practice, Vol. 8, sec. 4787; and, "What
constitutes co-operation or lack thereof is usually a question of fact for
the jury"; 21 *ibid.*, sec. 12277; "The burden is upon the liability insurer
to prove its alleged defense of lack of co-operation by the insured." See
cases under note 32.

If the insurer relies on a substantive defense reserved in the policy,
the defense becomes an affirmative one and the case is for the jury.

"Whether or not in any particular instance the insured has so far failed to give the co-operation in and about the defense of the action which is contemplated by the co-operation clause in the policy will ordinarily be a question of fact determinable by the jury." Blashfield, Automobile Law, Vol. 6, sec. 4059, p. 73. See cases under note 72.

While there is some contrary authority, the better reasoned cases hold that the failure to co-operate in any instance alleged must be attended by prejudice to the insurer in conducting the defense. Blashfield, Automobile Law, Vol. 6, sec. 4059, p. 78.

The clause cannot be interpreted in a way that would make it a mere device to entrap the insured, or a technicality so arbitrarily weighted that, without detriment to the insured in the performance of its obligation to defend, it wipes out that obligation, which is the essence of the contract, and a duty wholly surrendered to the insurer by its terms. We are unable to adopt a theory so opposed to substantial justice. *Levy v. Indemnity Insurance Co. of North America,* 8 So. (2d), 774, La. Appls.; *Associated Indemnity Corp. v. Davis,* 136 F. (2d), 71; *Pacific Indemnity Co. v. McDonald,* 107 F. (2d), 446; 131 A. L. R., 208; *State Automobile Mutual Ins. Co. of Columbus, Ohio, v. York,* 104 F. (2d), 730 (*certiorari* denied), 308 U. S., 591, 8 Cal. App. (2d), 532 (failure to attend trial); *Rochon v. Preferred Accident Ins. Co. of N. Y.,* 161 A., 429, 118 Conn., 190.

In *Hedgecock v. Ins. Co.,* 212 N. C., 638, 641, 194 S. E., 86, we find: "A judgment of nonsuit is never permissible in favor of the party having the burden of proof upon evidence offered by him," citing *Wharton v. Ins. Co.,* 178 N. C., 135, 100 S. E., 266; *Spruill v. Ins. Co.,* 120 N. C., 141, 27 S. E., 39; *Baker v. Ins. Co.,* 168 N. C., 87, 83 S. E., 16; *Thaxton v. Ins. Co.,* 143 N. C., 34, 55 S. E., 419; *Parker v. Ins. Co.,* 188 N. C., 403, 125 S. E., 6. "There is but one exception to this rule," says *Mr. Justice Barnhill* for the Court in the main case cited, "When the plaintiff offers evidence sufficient to constitute a *prima facie* case in an action in which the defendant has set up an affirmative defense, and the evidence of the plaintiff establishes the truth of the affirmative defense as a matter of law, a judgment of nonsuit may be entered."

In the absence of such evidence or admissions on the part of the plaintiff it does not matter how clearly the matter appears in the evidence of the defendant, decision is not thereby shifted to the court as a matter of law, since the question of credibility still remains; G. S., 1-183, and cases cited.

It is the practice of this Court to refrain, as far as it may without destroying the clarity of opinion, from comment on the evidence when the case is sent back for a new trial—a rule that cannot always be strictly observed when the question involved is a nonsuit upon demurrer.

We believe, however, that the case under review calls for an observance of the rule. We have refrained from passing upon the objections to the evidence because the same situation may not recur, but the want of specific discussion has no other significance. We find nothing in it, however, which would justify the lower court in nonsuiting the plaintiff solely upon the evidence of defendant who has made an affirmative defense with respect to which the burden of proof still rests upon him. The case should have gone to the jury.

The judgment of nonsuit must be reversed and the cause remanded for trial in its regular course.

Reversed.