LENA TEACHEY BARNES v. SECURITY LIFE & TRUST COMPANY, A CORPORATION.

(Filed 3 November, 1948.)

**1. Insurance § 37—**

Where plaintiff beneficiary establishes a *prima facie* case in an action on a policy of life insurance, insurer's evidence that the indebtedness for money borrowed by insured equalled or exceeded the cash surrender value of the policy and that it had exercised the right to cancel the policy, vested in it by the terms of the loan agreement, and had so notified insured, relates to matters in defense upon which insurer has the burden of proof.

**2. Same: Trial § 24a—**

Nonsuit is never permissible in favor of the party having the burden of proof upon evidence offered by him, since such adjudication involves the credibility of his witnesses, which is a matter for the jury.

APPEAL by plaintiff from *Burney, J.,* March Term, 1948, DUPLIN.

Civil action by beneficiary to recover on a life insurance policy.

On 15 February 1921, defendant issued its policy on the life of Octave Harris Barnes. Subsequent thereto, plaintiff was named as beneficiary.

On 7 May 1936 the defendant, on application of the insured, changed the policy to a paid-up participating policy of $5,000. At that time there was an indebtedness against the policy for money loaned the insured. The insured later executed a note for accrued interest. At the time the policy was converted, its benefit value was in excess of $5,000. The cash surrender value of this excess was applied as a credit on the indebtedness.

The policy loan agreement executed by the insured provides in part that whenever the total indebtedness against the policy, including accrued interest, shall equal the cash surrender value of the policy, the company, at its option, may cancel said policy and its accumulations "in which case the said policy contract shall immediately become and be void and of no effect unless and until reinstatement in accordance with the rules of the company."

On 10 July 1936 the defendant, acting under this provision, wrote the insured "that the indebtedness against the above policy equals the cash surrender value thereof and that the policy is now out of force." It offered to aid the insured in having the policy reinstated, but nothing further was heard from him.

On 8 August 1947, the insured died and on 17 November 1947 the beneficiary instituted this action to recover the amount alleged to be due on the policy. The defendant admitted the issuance of the policy, its conversion into a paid-up policy, and the death of the insured, and pleaded the special facts above cited in defense. When the cause came on to be heard, the court, at the conclusion of all the evidence, entered a judgment of nonsuit. Plaintiff excepted and appealed.

*Oscar B. Turner for plaintiff appellant.*

*Womble, Carlyle, Martin & Sandridge for defendant appellee.*

BARNHILL, J. The plaintiff offered evidence sufficient to constitute a *prima facie* case for the jury. Thereupon the defendant offered evidence tending to show that the indebtedness against the policy equaled or exceeded the cash surrender value and that it had exercised the right to cancel the policy, vested in it by the terms of the loan agreement, and

had so notified the insured. But these are matters in defense. As to them the burden of proof rests upon the defendant.

A judgment of nonsuit is never permissible in favor of the party having the burden of proof upon evidence offered by him. *Hedgecock v. Insurance Co.,* 212 N. C. 638, 194 S. E. 86. "The burden of proof being on the defendant to prove its defense the court could not adjudge that an affirmative defense is proven, for that involves the credibility of the witnesses, which is a matter for the jury." *Wharton v. Ins. Co.,* 178 N. C. 135, 100 S. E. 266; *Hedgecock v. Insurance Co., supra; MacClure v. Casualty Co., ante,* p. 305.

It follows that the judgment of nonsuit must be held for error

Reversed.