RAYMOND L. JOYCE AND WALLACE H. BIGGERS v. WILLIAM J. BRYAN SELL, TRADING AND DOING BUSINESS AS DAVIE FURNITURE COMPANY.

(Filed 9 May, 1951.)

**1. Trial § 22a—**

On motion to nonsuit, the evidence must be considered in the light most favorable to plaintiffs.

**2. Payment § 9—**

The burden of proving the defense of payment in whole or in part is upon defendant.

**3. Evidence § 8—**

Where the facts constituting a defense are within defendant's own peculiar knowledge it is incumbent upon him to prove them.

**4. Sales § 20—**

By alleging and offering evidence tending to show sale and delivery of goods at a certain price and the nonpayment of a portion of the purchase price, the seller makes out a *prima facie* case entitling him to go to the jury, and it is error to grant the purchaser's motion to nonsuit upon the purchaser's evidence tending to show a subsequent agreement under which the purchaser was to pay the remainder of the purchase price only in the event he was able to resell the goods for more than the amount paid, and if not, the amount paid should discharge the debt, since the burden is

upon the purchaser to prove the defense under the subsequent agreement that he was unable to resell the goods for more than the amount paid.

**5. Trial § 24a—**

Ordinarily, nonsuit will not be allowed in favor of the party upon whom rests the burden of proof except upon the issue of contributory negligence when plaintiff by his own evidence proves himself out of court.

**6. Trial § 23b—**

Where plaintiff establishes a *prima facie* case he is entitled to go to the jury notwithstanding defendant's evidence tending to establish an affirmative defense.

APPEAL by plaintiffs from *Clement, J.,* February Term, 1951, of STANLY. Reversed.

This was an action to recover the balance alleged to be due on the sale of stock of merchandise. At the close of all the evidence defendant's renewed motion for nonsuit was allowed, and plaintiffs appealed.

*Morton & Williams for plaintiffs, appellants.*
*Robert S. McNeill for defendant, appellee.*

DEVIN, J. The allowance of defendant's motion for judgment of involuntary nonsuit requires consideration of plaintiffs' evidence in the light most favorable for them. *Ervin v. Mills Co., ante,* 415.

Plaintiffs' evidence tended to show that desiring to close their mercantile business in Mt. Airy, North Carolina, they contracted to sell and the defendant contracted to purchase their entire stock of hardware, and automotive and electrical appliances at one-half the manufacturer's cost price, amounting to $3,151.70. This was 16 June, 1948. The goods were promptly delivered to the defendant at his place of business in Mocksville. However, some question having arisen as to the condition of the goods on arrival, defendant paid $2,600 in cash on account, and the following agreement was entered into, reduced to writing and signed by plaintiffs: "Received $2600.00 on account of $3150.70. If all merchandise when sold does not bring $2600.00 this account is paid in full. However if merchandise brings over $2600.00 up to $3150.70 will be turned over to Joyce & Biggers. Copies of all transactions on this merchandise are to be mailed to Joyce & Biggers. W. H. Biggers, R. L. Joyce."

The defendant incorporated this written agreement in his answer, and offered it in evidence at the trial.

Defendant's contention was that the $2,600 settled the debt in full, and that in accordance with the terms of this agreement he had collected from the sale of those goods only $385, and hence was not liable for any balance over the amount paid. Defendant Sell, however, testified: "If either of

them (plaintiffs) had come to my place I would have paid them the $500 I owed rather than come into court. . . . If they would have come in and discussed the matter before I came into court I believe I would have paid them the $500."

The plaintiffs contend the language of the written agreement relied on by the defendant "received $2600 on account of $3150.70" constitutes an acknowledgment of a balance due, and that this agreement was offered by the defendant in support of a plea of payment. Furthermore plaintiff Joyce testified that he and his partner agreed to this "provided Mr. Sell furnish us with an itemized list of every transaction that was made in selling this merchandise," and that no report of sales has ever been made to them except one item of $122.

Considering only the plaintiffs' evidence and such of the defendant's evidence as is favorable to the plaintiffs, it appears that plaintiffs have sued to recover the balance due on a debt for goods sold and delivered, and have offered evidence in support of their allegations. The defendant admits that he purchased the goods at the invoice price to him of $3,151.70, but says that the $2,600 paid by him settled the entire debt. He testified he agreed if the goods "brought up to $3100 I would pay the difference." In other words, the defense he has set up was he was not to pay the balance, or any more than the $2,600, unless he sold these goods for more than that amount. The plaintiffs reply that the agreement on their part was signed on condition that records of sales be furnished them, which was not done, though more than two years have elapsed. Hence, plaintiffs contend defendant has not shown payment, or avoidance, of the balance of the debt of $550.70, or brought himself within the terms of the subsequent agreement relied on by him.

It is a general rule that where the defendant sued for debt admits the debt was originally owed, and pleads payment in whole or in part, it is incumbent upon him to prove such payment. *MacClure v. Casualty Co.,* 229 N.C. 305, 49 S.E. 2d 742; *Ellison v. Rix,* 85 N.C. 77; *Cook v. Guirkin,* 119 N.C. 13, 25 S.E. 715; *Speas v. Bank,* 188 N.C. 524, 125 S.E. 398; *Hunt v. Eure,* 189 N.C. 482, 127 S.E. 593; McIntosh, Practice & Procedure, 608. There is also a well recognized principle that where the facts constituting a defense are within the defendant's own peculiar knowledge it is incumbent upon him to prove them. *Cook v. Guirkin, supra.*

The plaintiffs having alleged and offered evidence to show sale and delivery of goods to defendant at a certain price and the nonpayment of a portion of the purchase price have made out a *prima facie* case, and the defendant having admitted the contract and receipt of the goods and payment of a part of the price, it was incumbent upon him to go forward with evidence to show that in consequence of an agreement with plaintiffs

he was to pay the remainder of the purchase price only in the event he was able to sell the goods in his store for more than the amount he had paid, and that he has been unable to do so.

In that situation, though defendant has offered evidence to support his defense, it was error to sustain defendant's motion for judgment of nonsuit. Ordinarily nonsuit will not be allowed in favor of the party on whom rests the burden of proof (*Barrett v. Williams,* 217 N.C. 175, 7 S.E. 2d 383; *Hedgecock v. Ins. Co.,* 212 N.C. 638, 194 S.E. 86; *Barnes v. Trust Co.,* 229 N.C. 409, 50 S.E. 2d 2), except when on the issue of contributory negligence the plaintiff by his own evidence proves himself out of court. *Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227; *Hayes v. Tel. Co.,* 211 N.C. 192, 189 S.E. 499. As against a *prima facie* case for the plaintiffs, the evidence relied on as a defense should have been submitted to the jury for their determination of the facts. *Bennett v. R. R.,* 232 N.C. 144, 59 S.E. 2d 598; *MacClure v. Casualty Co.,* 229 N.C. 305, 49 S.E. 2d 742; *Speas v. Bank,* 188 N.C. 524, 125 S.E. 398; *Moore v. Miller,* 179 N.C. 396 (399), 102 S.E. 627.

For the reasons stated, we think there was error in allowing the motion for judgment of nonsuit.

Reversed.