REBECCA GRIFFIN, B/N/F CHARLEEN GREENE v. HARTFORD
ACCIDENT AND INDEMNITY COMPANY.

(Filed 13 October, 1965.)

**1. Insurance § 65—**

Evidence that insurer had issued its policy of automobile liability insurance covering the operation of the vehicle inflicting the damage, that the accident occurred during the term of the policy, and that plaintiff had obtained a judgment against insured upon which execution had been returned unsatisfied by reason of her insolvency, nothing else appearing, entitles plaintiff to judgment against insurer.

**2. Insurance § 61—**

Where plaintiff makes out a *prima facie* case against insurer upon its liability policy, insurer's contention that the policy had been cancelled prior to the accident causing the injury is an affirmative defense, and plaintiff's action against insurer may not be nonsuited upon such defense when the defense is not established by plaintiff's own evidence.

**3. Trial § 21—**

Nonsuit may not be entered upon an affirmative defense unless plaintiff's own evidence establishes such defense so clearly that no other reasonable conclusion can be drawn therefrom, and defendant's evidence tending to establish such defense cannot warrant nonsuit, since its credibility is for the jury.

APPEAL from *May, S.J.*, 7 June 1964 Session of GASTON.

This is an action by a judgment creditor of the insured in a policy of automobile liability insurance against the insurer to compel payment of such judgment. It was before us upon a former appeal in which a new trial was ordered. *Griffin v. Indemnity Co.*, 264 N.C. 212, 141 S.E. 2d 300.

The complaint alleges the issuance of the policy, the injury of the plaintiff within the stated term of the policy through the operation of the insured's automobile, the obtaining of a judgment by the plaintiff against the policyholder, the issuance of execution and the return thereof unsatisfied by reason of the insolvency of the policyholder.

The answer admits the issuance of the policy, denies the other material allegations of the complaint and alleges, in bar of the plaintiff's right to recover, that the policy was cancelled prior to the accident, which is denied in the reply.

It is stipulated that the defendant issued to Mildred Sadler its policy insuring her, from 27 February 1961 to 26 February 1962, against liability for personal injuries sustained by any person by reason of the operation of the automobile specified therein. It is further stipulated that as a result of an automobile accident on 15 July 1961 the plaintiff obtained judgment against Mildred Sadler for $3,500, plus costs,

and that execution issued thereon against the judgment debtor was returned unsatisfied by reason of her insolvency.

At the new trial the plaintiff's evidence consisted of the foregoing stipulations, the insurance policy and the judgment in favor of the plaintiff against the named insured.

Defendant's motion for judgment as of nonsuit at the close of the plaintiff's evidence having been denied, the defendant called Mildred Sadler as its witness. She testified, in substance: She obtained the insurance policy, paid part of the premium and financed the remainder of it. That is, the finance company with which she dealt paid the balance of the premium to the defendant and took from her an undertaking to pay to it, in installments, the amount so advanced. As security, she gave the finance company her power of attorney authorizing it, as her agent, to direct the defendant to cancel the policy and pay to it the unearned portion of the premium if and when she failed to pay any installment of such indebtedness. The automobile involved in the accident was the one specified in the policy. The day before the accident she received from the Department of Motor Vehicles in Raleigh a notice that the insurance policy had been cancelled.

The manager of the finance company, called as a witness by the defendant, testified, in substance, that Mildred Sadler was in default in payment due the finance company and, consequently, he sent to the defendant the above mentioned power of attorney and a request that the policy be cancelled.

The defendant then called as its witness its employee who testified, in substance, that the defendant received from the finance company the request for cancellation of the policy, together with the power of attorney, cancelled the policy and mailed to the policyholder a notice of cancellation, upon which mailing it received from the post office a receipt.

All the documents above referred to were introduced in evidence.

At the close of all the evidence the defendant renewed its motion for judgment as of nonsuit and the motion was allowed. From such judgment the plaintiff appeals.

*Horace M. DuBose, III, for plaintiff appellant.*

*J. Donnell Lassiter and Kennedy, Covington, Lobdell and Hickman for defendant appellee.*

PER CURIAM. The evidence offered by the plaintiff, taken to be true and interpreted in the light most favorable to her, as it must be upon a motion for judgment as of nonsuit, shows that the defendant issued to Mildred Sadler its policy of automobile liability insurance, which,

unless properly cancelled, was in effect at the time of the accident out of which the plaintiff's judgment against Mildred Sadler arose. Thereby the defendant company contracted "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the ownership * * * or use of the automobile." It further shows, when so taken, that the plaintiff obtained judgment against Mildred Sadler in the amount of $3,500, plus costs, by reason of such liability, that execution issued thereon and was returned unsatisfied by reason of her insolvency. Nothing else appearing, the plaintiff would be entitled to judgment against the defendant for the amount now due her upon the said judgment. *Crisp v. Insurance Co.,* 256 N.C. 408, 124 S.E. 2d 149; *Hall v. Casualty Co.,* 233 N.C. 339, 64 S.E. 2d 160; Strong, N. C. Index, Insurance, § 65.

Of course, cancellation of the policy at the request of the insured, either directly or through a duly authorized agent, prior to the occurrence of the accident in which the plaintiff was injured, would bar recovery by the plaintiff in this action. However, cancellation of the policy is an affirmative defense and the burden is upon the defendant to prove a valid cancellation effective before the liability of the insured arose. *Crisp v. Insurance Co., supra.*

A judgment of nonsuit may not properly be entered on the ground of a defense, the burden of proving which rests upon the defendant, unless the plaintiff's own evidence establishes it so clearly that no other reasonable conclusion can be drawn therefrom. The defendant's evidence may not be considered in passing upon its motion for such judgment, for its credibility is for the jury. *Barnes v. Trust Co.,* 229 N.C. 409, 50 S.E. 2d 2. The plaintiff's evidence does not show cancellation of the policy. Therefore, the granting of the motion for judgment as of nonsuit was error and the plaintiff is entitled to a new trial.

The remaining assignments of error by the plaintiff are without merit and relate to matters decided on the former appeal. It is unnecessary to discuss them again. The power of attorney expressly authorizes the insurance company to rely upon the finance company's statement as to default by the policyholder in her payments to it.

Reversed.