STARKEY PAINT COMPANY, INC. v. SPRINGFIELD LIFE
INSURANCE COMPANY, INC.

No. 7414SC901

(Filed 5 February 1975)

1. Insurance § 37— life insurance — instructions — burden of proving suicide

   In an action to recover under a life insurance policy, the trial court erred in instructing the jury that, once defendant insurer presented evidence of suicide, plaintiff had the burden of proving that insured's death was caused by external violence or accidental means, since the burden of proving suicide rested with defendant throughout the trial.

2. Evidence § 41; Insurance § 37— life insurance — suicide exclusion — statement that decedent committed suicide — statistics on suicide

   In an action on a life insurance policy wherein defendant insurer contended that coverage was excluded because death resulted from suicide, the trial court erred in failing to exclude (1) testimony by a sheriff that when he saw decedent's body he stated that "he has committed suicide" since it invaded the province of the jury, and (2) testimony by two psychiatrists concerning the number of suicides in North Carolina in 1970, the number accomplished by gunshot wounds, and different rates among population groups since it did not tend to prove suicide in this particular case.

3. Evidence § 33; Insurance § 37— physician's statement that decedent was not suicidal — hearsay

   In an action to recover under a life insurance policy, testimony by decedent's personal physician that he once told decedent's father that in his opinion decedent was not suicidal was properly excluded as hearsay.

4. Evidence § 50; Insurance § 37— suicidal tendencies — expert testimony

   In an action to recover under a life insurance policy, an expert in psychiatry was properly allowed to express an opinion that decedent could be considered a person likely to commit suicide.

APPEAL by plaintiff from *Brewer, Judge,* 20 May 1974 Session of Superior Court held in DURHAM County. Heard in the Court of Appeals 17 January 1975.

---

---

Plaintiff brought this action to recover $50,000.00 allegedly payable under an insurance policy issued by defendant on the life of Danny William Starkey, who died on or about 5 November 1971 as a result of a gunshot wound. Under a provision in the policy excluding death by suicide, defendant denied responsibility other than return of premiums paid.

Defendant's evidence tended to show that decedent was found in his bed on 6 December 1971 with a .22 calibre pistol at his side and a bullet wound in his head. An autopsy revealed the wound to be the cause of death. Decedent's personal physician testified that decedent had complained about his work and had been taking mild tranquilizers. A psychiatrist testified that in his opinion decedent could be considered a person likely to commit suicide.

Plaintiff's witnesses testified that they saw decedent the day before his body was found. He was in a jovial mood and did not appear nervous or upset. The jury found that decedent intentionally committed suicide, and the trial court accordingly entered judgment for defendant. Plaintiff appealed to this Court.

*Norman E. Williams, Richard M. Hutson II, and R. Hayes Hofler III, for plaintiff appellant.*

*Bryant, Lipton, Bryant & Battle, P.A., by James B. Maxwell and Lee A. Patterson II, for defendant appellee.*

ARNOLD, Judge.

[1] Plaintiff's first assignment of error is directed to the following instruction given by the trial court:

"Now, members of the jury, I want to instruct you that in a suit to recover upon a policy of life insurance where the Insurance Company contends upon the grounds that the insured's death was caused by suicide, the burden of proof is upon—once the defendant has presented its evidence relating to the defense of suicide, then the burden of proof is upon the plaintiff to show by the greater weight of the evidence that the death of the insured was caused by external violence or accidental means within the terms and provisions of the policy. You are instructed that the burden of proof which rests upon the plaintiff to show that the death of the insured was caused by external violent and accidental means, and that the defendant is liable under

Paint Co. v. Insurance Co.

the terms of the policy is aided by the presumption that the death of the insured was not due to suicide."

Plaintiff contends that this instruction constitutes prejudicial error. We agree.

In an action to recover on a life insurance policy of general coverage, plaintiff makes out a *prima facie* case by showing execution and delivery of the policy, payment of premiums, and death of the insured. *Terrell v. Insurance Co.,* 269 N.C. 259, 152 S.E. 2d 196 (1967) ; *Thaxton v. Insurance Co.,* 143 N.C. 34, 55 S.E. 419 (1906) ; 4 Strong N. C. Index 2d, Insurance, § 37, pp. 507-08. In the case at bar, these facts were stipulated by the parties. The only issue to be tried was whether the insured intentionally committed suicide. The burden of proving suicide as an affirmative defense rested with defendant throughout trial. *Hedgecock v. Insurance Co.,* 212 N.C. 638, 194 S.E. 86 (1937) ; *Baker v. Insurance Co.,* 168 N.C. 87, 83 S.E. 16 (1914). *See also* 2 Stansbury, N. C. Evidence (Brandis rev.), § 205.

In the above-quoted portion the trial court apparently attempted to integrate into the charge a burden of proof which obtains only in actions on policies insuring against accidental death. *See Warren v. Insurance Co.,* 215 N.C. 402, 2 S.E. 2d 17 (1939) ; 2 Stansbury, *supra,* § 224. Since plaintiff here sued on an ordinary life insurance policy, the charge was erroneous. Misplacing the burden of proof, it was also prejudicial. *Wiles v. Mullinax,* 275 N.C. 473, 168 S.E. 2d 366 (1969) ; *Williams v. Insurance Co.,* 212 N.C. 516, 193 S.E. 728 (1937) ; 7 Strong N.C. Index 2d, Trial, § 35, pp. 338-39.

Defendant calls to our attention the numerous instances in the charge where the trial court correctly instructed on burden of proof. Nevertheless, it is well settled that erroneous instructions on burden of proof are not cured by contextual construction. 7 Strong, *supra,* at 339. Quoting *State v. Overcash,* 226 N.C. 632, 39 S.E. 2d 810 (1946), our North Carolina Supreme Court has said:

" 'When there are conflicting instructions to the jury upon a material point, the one correct and the other incorrect, a new trial must be granted. We may not assume that the jurors possessed such discriminating knowledge of the law as would enable them to disregard the erroneous and to accept the correct statement of the law as their

guide. We must assume instead that the jury in coming to a verdict, was influenced by that part of the charge that was incorrect.' "

*Barber v. Heeden,* 265 N.C. 682, 686, 144 S.E. 2d 886, 889 (1965). In the instant case, we cannot say that the charge as a whole did not confuse the jury to the prejudice of the plaintiff.

[2]  We now turn to plaintiff's remaining assignments of error, all of which concern evidentiary questions. The first involves the testimony of Sheriff Earl Rhew that, after he saw decedent's body lying on the bed, he said, "Damn, Lynch, he has committed suicide." Such testimony constitutes an expression of the very fact in issue and invades the province of the jury. *See Wood v. Insurance Co.,* 243 N.C. 158, 90 S.E. 2d 310 (1955). Its admission, over plaintiff's objection, was error.

Plaintiff contends that the trial court also should have excluded testimony of two psychiatrists concerning the number of suicides in North Carolina in 1970, the number accomplished by gunshot wounds, and different rates among population groups. While such statistics may be relevant to an understanding of suicide generally, their tendency to prove suicide in a particular case is nonexistent. It follows that this evidence was not competent and should have been excluded. *See generally* 3 Strong N. C. Index 2d, Evidence, § 15, pp. 619-20.

[3]  Plaintiff's next contention, that the trial court erred in refusing to allow decedent's personal physician to testify on cross-examination that he once told decedent's father that in his opinion decedent was not suicidal, is without merit. This was a prior statement offered for substantive purposes only and not to impeach the witness. It was proper to exclude it as hearsay. *See* McCormick's Handbook on the Law of Evidence, § 251 (2d ed. 1972).

[4]  Finally, plaintiff contends that it was error to allow Dr. John A. Gergin to express an opinion as to "whether the deceased was on [6 November 1971] a person who could or would be considered likely to commit suicide." The witness was qualified as an expert in psychiatry and responded to a properly-phrased hypothetical question. *See* 2 Stansbury, *supra,* §§ 133 and 137. We find no merit in plaintiff's contention.

For reasons stated earlier in this opinion, we hold that plaintiff is entitled to a new trial.

New trial.

Judges VAUGHN and MARTIN concur.