EMELYN A. ABERNETHY v. THE MECKLENBURG FARMERS' MUTUAL FIRE INSURANCE COMPANY.

(Filed 2 February, 1938.)

1. Insurance § 25c—

   Where plaintiff introduces the fire policy sued on, and evidence of the destruction of the premises insured by fire, the burden is on defendant insurer to establish affirmative defenses relied on to defeat recovery.

2. Insurance § 22b—Mutual company must show levy of additional assessment in conformity with statutory provisions.

   Where a mutual fire insurance company relies on the failure of insured to pay an assessment levied against policyholders in order to defeat recovery on the policy, it must show that the assessment was legally made in conformity with the provisions of C. S., 6353, and where it fails to so show and plaintiff insurer testifies that she did not get notice of the assessment or of the cancellation of the policy, peremptory instructions against insurer on the affirmative defense are without error.

3. Insurance § 13: Contracts § 8—

   Laws in force at the time of the execution of a contract become a part thereof.

4. Insurance § 13—

   Policies of insurance, having been prepared by insurer, will be liberally interpreted in favor of insured.

APPEAL by defendant from *Rousseau, J.,* at 29 March, 1937, Regular Term, of MECKLENBURG. Affirmed.

This is an action brought by plaintiff to recover of defendant the sum of $900.00 and interest, from 13 December, 1934, on a policy of insurance issued by defendant to plaintiff.    The plaintiff alleges:

"3. That on or about 16 March, 1929, plaintiff became a member of defendant corporation, and thereupon defendant issued to plaintiff its fire insurance contract upon a barn and residence located in Mallard Creek Township, Mecklenburg County, about one and one-half miles southeast of Derita, the amount of the insurance upon said residence being $800.00, and the amount of insurance upon said barn being $100.00, said amounts being three-fourths of the value of said property, all of which will more fully appear by reference to application to defendant, No. 2107.

"4. That plaintiff continued to be a member of defendant, and is now a member of defendant, under the terms of said application and policy, and, on or about 12 December, 1934, the residence and barn insured by said fire insurance contract, from causes unknown to plaintiff, ignited and caught fire and said residence and said barn were totally destroyed by fire.

"5. That thereupon plaintiff duly notified defendant of said loss under the terms of said policy caused directly by said fire on 13 December, 1934, and duly made claim upon said defendant for the sum of $900.00 due plaintiff by defendant under the terms of said policy.

"6. That, although plaintiff has observed and kept the terms of said policy, defendant has failed and refused and still fails and refuses to abide the terms of said policy and pay the amount of loss sustained by plaintiff as herein narrated in the sum of $900.00, which defendant promised and agreed to pay under the terms of said policy to plaintiff."

The plaintiff prayed judgment for $900.00 and interest from 13 December, 1934.

The defendant, in answer, says:

"3. That on or about 27 July, 1932, the plaintiff herein was issued Policy No. 389 in the defendant company, which policy stipulated that it was to take the place of and cancel plaintiff's Policy No. 2107. Except as herein admitted, the allegations of paragraph 3 are untrue and are denied.

"4. That the allegations contained in paragraph 4 of the complaint are untrue and are denied.

"5. That the allegations contained in paragraph 5 of the complaint are untrue and are denied.

"6. That it is true that the defendant has refused, and still refuses, to pay any claim of the plaintiff for the reason that the said defendant is not indebted to the plaintiff under the terms of its policy, or for any other reason; otherwise, the allegations contained in paragraph 6 of the complaint are untrue and are denied, etc."

And for further answer and defense, the defendant alleges:

"1. That under the terms and provisions of its policy issued to the plaintiff as hereinbefore set out, an assessment was levied against the said plaintiff, being Assessment No. 38, and notice thereof was duly mailed to the said plaintiff on 1 October, 1934, which notice stated that the said assessment was due within thirty days from that date.

"2. That on 20 November, 1934, a duplicate notice was mailed to the plaintiff, stating that her protection would cease after 30 November, 1934.

"3. That the said assessment was not paid until 12 December, 1934, which was more than 13 days overdue, and after the plaintiff's property had been destroyed by fire, as alleged in the complaint, and without knowledge by the defendant that loss had occurred."

The issues submitted to the jury and their answers thereto were as follows:

"1. Did the defendant execute and deliver to the plaintiff a policy of insurance, as alleged in the complaint?   Ans.: 'Yes.'

"2. What amount, if any, is the plaintiff entitled to recover of the defendant?   Ans.: '$900.00.' "

The court below charged the jury as follows: "Gentlemen of the jury, in this case there will be two issues submitted: '(1) Did the defendant execute and deliver to the plaintiff a policy of insurance, as alleged in the complaint?'   The court charges you, gentlemen, that if you find the evidence to be true, as testified to by the witnesses—the witnesses for the plaintiff and the witnesses for the defendant—and the record evidence offered in this case—if you find those facts to be true, it would be your duty to answer this issue 'Yes.'   '(2) What amount, if any, is the plaintiff entitled to recover of the defendant?'   The court instructs you, on that issue, that if you find the evidence to be true, as testified to by the witnesses in this case, it would be your duty to answer that issue in the sum of $900.00.   You may take the issues, gentlemen, and say how you find."   To the above charge counsel for the defendant objected on the ground that the court had deprived the defendant of its defense, that the plaintiff had failed to pay the assessment of 1 October, 1934, and that consequently the policy was void.   The defendant's objection was overruled.   Exception by defendant.

Judgment was rendered by the court below on the verdict.   The defendant excepted and assigned errors to the charge of the court and the judgment assigned, and appealed to the Supreme Court.   The necessary facts will be set forth in the opinion.

*H. L. Taylor for plaintiff.*
*Pharr & Bell for defendant.*

CLARKSON, J.  We do not think the exceptions and assignments of error made by defendant can be sustained.  The plaintiff introduced the policy on which she sues, and testified as to the burning of the buildings on the premises covered by the policy, and that the value of the property destroyed by fire on 12 December, 1934, was $900.00.

Plaintiff testified, in part: "The buildings on the premises burned on 12 December, 1934.  Well, on the night of 11 December, or near about 12 December.  They were completely destroyed by the fire.  In my opinion the buildings were worth $1,200.  I got no notice of any assessment, nor any notice that the insurance company intended to cancel my policy.  I have not changed my address since I took out this policy.  If the notice came to my house in the ordinary course of events, I should have gotten it.  I filed a written claim for the loss with the insurance company.  They refused to pay it.  . . .  I never at any time failed to promptly pay any assessment that I got notice of.  So far as I know, I paid all the assessments that were due on these policies.  I never got any notice of any effort or attempt on the part of the company to cancel these policies until this letter of 11 February."  This was after the property was burned.  The plaintiff rested.

In *Hedgecock v. Insurance Co.,* 212 N. C., 638 (640), *Barnhill, J.,* says for the Court: "The defendant having admitted the issuance of the policy, the death of the insured and due proof of death, the burden of proof rested upon the defendant to establish its affirmative defense."

The secretary and treasurer of defendant company testified: "I made out this Policy No. 2107 on 16 March, 1929.  These policies were all taken up and new policies issued in 1932.  This policy was superseded by Policy No. 389.  That was done with all the policies outstanding in the company.  Policy No. 389 was mailed to Miss Abernethy at her address, Charlotte, Route 8.  Miss Abernethy has had a policy with the company since 16 March, 1929.  All of our correspondence with her was sent to that address.  I sent out all the notices of assessments to the policyholders.  I did it personally.  . . .  (Cross-examination.)  We issued Policy No. 389 to take up Policy No. 2107.  We never got possession of Policy No. 2107.  We mailed the new policy to Miss Abernethy.  There is a record here in the book."

One of the directors of defendant company testified: "Without any explanation, Mr. Abernethy came over to my house one afternoon and we were talking about this policy, and I told him that I thought it ought to be paid, before I knew the circumstances about it.  At the time I told Mr. Abernethy that he ought to be paid, I did not know the full facts about the matter."

There was evidence to the effect that plaintiff received no new policy and had no notice of the cancellation of Policy No. 2107, dated 16

March, 1929, and it was never taken up or delivered to defendant company. The plaintiff contends that the alleged cancellation was contrary to law.

The court held, as a matter of law, under Public Laws 1899, ch. 54, secs. 36 and 37, being sec. 6353 of the Consolidated Statutes, that it was the duty of the defendant to show that the assessment referred to was legally made, and that consequently the failure to pay would void the policy.

N. C. Code, 1935 (Michie), sec. 6353, is as follows: "When a mutual fire insurance company is not possessed of cash funds above its reinsurance reserve sufficient for the payment of insured losses and expenses, it must make an assessment for the amount needed to pay such losses and expenses upon its members liable to assessment therefor in proportion to their several liabilities. The company shall cause to be recorded in a book kept for that purpose the order for the assessment, together with a statement which must set forth the condition of the company at the date of the order, the amount of its cash assets and deposits, notes, or other contingent funds liable to the assessment, the amount the assessment calls for, and the particular losses or liabilities it is made to provide for. This record must be made and signed by the directors who voted for the order before any part of the assessment is collected, and any person liable to the assessment may inspect and take a copy of the same," etc.

The defendant contends: "It will undoubtedly be conceded that, but for the provisions of section 6353 of the Consolidated Statutes (Rev., sec. 4742; 1899, ch. 54, secs. 36 and 37), the assessment of 1 October, 1934, which the plaintiff failed to pay, was properly levied and binding upon her. . . . A policy of insurance is a contract, and is to be governed by the same principles as govern other contracts."

The above statute was passed in 1899, ch. 54, secs. 36 and 37. This law was in existence before the contract of insurance in this case was made, on 16 March, 1929. In this jurisdiction the laws existing at the time and place of a contract form a part of it. *Bateman v. Sterrett,* 201 N. C., 59; *Alexander v. Boyd,* 204 N. C., 103; *Hood, Comr. of Banks, v. Simpson,* 206 N. C., 748.

In the *Hood case, supra,* p. 757, citing a wealth of authorities, it is said: "It is well settled that general laws of a State in force at time of execution and performance of a contract become a part thereof and enter into and form a part of it, as if they were referred to or incorporated in its terms."

We think the evidence clearly shows that the statute was not complied with. This statute was no doubt passed to protect the policyholders. It may be that the attempted cancellation under defendant's by-laws was not in accordance with its provisions. But, from the view we take of this case, this question is not necessary to be decided.

The defendant in its brief says: "The defendant company has saved the farmers of Mecklenburg County thousands of dollars upon their insurance premiums, because of the honesty and ability of its directors and the loyalty of its members. It is respectfully submitted that this plaintiff should not be allowed to object now to a mere technicality which she could not show has injured her or any of her fellow members in any way. It is further respectfully submitted that the lower court erred in holding that this defendant had failed to prove the validity of its assessment." This is well said, and we approve of most of the statement, but policyholders are entitled to have their contracts construed, be they ever so technical, as written. The courts are liberal in the interpretation of such contracts in favor of the policyholders, as they are prepared and written by the insurer.

For the reasons given, the judgment of the court below is

Affirmed.