EUIT CHANDLER v. C. E. MASHBURN, ADMINISTRATOR OF THE ESTATE OF
ARSEMUS CHANDLER, DECEASED.

(Filed 28 February, 1951.)

1. Pleadings § 7—

　　The answer must contain a general or specific denial of each material
allegation of the complaint controverted by defendant, and may contain a
statement of any new matter constituting a defense or counterclaim.
G.S. 1-135.

2. Pleadings § 8—

　　A denial in the answer of a material fact alleged in the complaint enables
defendant to show any facts which go to deny the existence of the contro-
verted fact, and therefore narration of evidence which defendant contends
sustains his denial of the controverted fact is irrelevant pleading.

3. Pleadings § 31—

　　Upon motion of any party aggrieved, aptly made, the court may strike
out irrelevant or redundant matter inserted in a pleading.　G.S. 1-153.

4. Same—

　　Where defendant has denied a material allegation of the complaint,
narration in his "further answer and defense" of evidential matters tend-
ing to sustain defendant's denial of the controverted fact is irrelevant,
and should be stricken upon motion aptly made.

APPEAL by plaintiff from *Bennett, Special Judge,* at October Term,
1950, of MADISON.

Civil action instituted 20 July, 1950, to require defendant to account
for and pay over to plaintiff, as sole distributee, the personal assets re-
maining in his hands as administrator of the estate of Arsemus Chandler,
deceased, after payment of debts, and costs of administration.

Plaintiff alleges in his complaint substantially these facts: That
Arsemus Chandler died on 9 June, 1949, and defendant is the duly
appointed administrator of his estate; that Arsemus Chandler and Della
Fender Hensley were married on 23 September, 1922, and remained
married until the date of her death on 23 March, 1928; that he, the
plaintiff, was born of said marriage on 6 June, 1925, and is the only child
and heir of Arsemus Chandler, deceased; that defendant has adminis-
tered the estate, and there remains in his hands for distribution a certain
amount of money; and that he, the plaintiff, as the sole distributee of the
estate, is entitled to have defendant pay same to him.

Defendant, answering, either admits, or does not deny the material
allegations of the complaint except the allegation that plaintiff was born
of the marriage between Arsemus Chandler and Della Fender Hensley,
and is the only child and heir of Arsemus Chandler,—which are denied.

Defendant, then, sets up a "further answer and defense." In the first three paragraphs thereof it is averred, summarily stated, that Arsemus Chandler died intestate on 9 June, 1949, a resident of Madison County, and that certain named brothers and sisters of him left surviving contend that they are his only heirs at law, "all of whom are entitled to share in the estate . . . and no other person or persons are so entitled." In a portion of paragraph four and in paragraphs five, six, seven and eight of said "further answer and defense," defendant recites evidentiary matter, relating to the averment that plaintiff is not the child of Arsemus Chandler, and in paragraph nine defendant avers that he is now, and has been at all times ready to make distribution of the assets of the estate to the legal and lawful heirs of Arsemus Chandler for the termination of which he prays that an issue be submitted to the jury, etc.

Plaintiff, in apt time, moved to strike from the "further answer and defense" set up by defendant, certain portion of paragraph four, and all of paragraphs five, six, seven and eight for that same are irrelevant, immaterial and improper, and would be prejudicial to plaintiff if allowed to stand as now appear in the "further answer and defense."

Upon hearing thereon, the judge presiding allowed the motion to strike certain clauses in paragraphs five, six and eight, but denied it as to all other parts to which the motion relates.

Plaintiff excepted, and appeals to Supreme Court and assigns error.

*J. M. Baley, Jr., for plaintiff, appellant.*
*Carl R. Stuart for defendant, appellee.*

WINBORNE, J. The only assignment of error presented on the appeal is, by the terms of the brief of plaintiff filed in this Court, confined to the refusal of the court to strike out paragraphs five, six, seven and eight of defendant's "further answer and defense."

As so confined, the exception thereto on which the assignment is based is well taken.

The answer of a defendant must contain (1) a general or specific denial of each material allegation of the complaint controverted by the defendant, and (2) a statement of any "new matter constituting a defense or counter-claim." G.S. 1-135, formerly C.S. 519.

The plea of denial controverts and raises an issue of fact between the parties as to each material allegation denied, and forces the plaintiff to prove them. That is all that is required of the defendant to admit of presentation of his defense. McIntosh N. C. P. & P. 461. In such case the defendant may show any facts which go to deny the existence of the controverted facts. *Brown v. Hall,* 226 N.C. 732, 40 S.E. 2d 412. Hence, averments narrating evidence which defendant contends sustains his

denial of the controverted facts are irrelevant as pleading, and have no place in the answer.

And upon motion of any party aggrieved, aptly made, the court may strike out irrelevant or redundant matter inserted in a pleading. G.S. 1-153. *Revis v. Asheville,* 207 N.C. 237, 176 S.E. 738.

Applying these principles to case in hand the answer of defendant, denying the allegation of the complaint that plaintiff was born of the marriage between Arsemus Chandler and Della Fender Hensley, raises an issue of fact, forcing plaintiff to proof of the fact alleged in his complaint. This is all that is required of defendant to admit of presentation of his defense under appropriate rules of evidence. Therefore, the narration of the evidential matters contained in paragraphs five, six, seven and eight of defendant's "further answer and defense" is irrelevant, and, upon motion aptly made should be stricken. This does not render incompetent any competent evidence recited in these paragraphs of the answer, if and when offered by defendant, relevant to issue involved.

For causes stated, the judgment below is
Reversed.