### ERNEST G. CRISP v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

(Filed 28 February, 1962.)

**1. Trial § 31—**

In those cases in which it is proper for the court to give a peremptory instruction in favor of the party having the burden of proof, the court, after instructions to answer the issue in the affirmative if the jury should find the facts to be as all of the evidence tends to show, should instruct the jury to answer the issue in the negative if they fail to so find, in order that the jury may pass upon the weight and credibility of the evidence.

**2. Insurance § 61—**

In an action by the injured person against insurer in an automobile liability policy, the burden is upon plaintiff to prove that insurer issued and delivered the policy to insured and that the policy covered the vehicle owned by insured and involved in the collision in which plaintiff was damaged.

**3. Same—**

In an action by the injured person against insurer in an automobile liability policy, the burden is upon insurer to prove cancellation and termination of the policy prior to the collision when relied upon by it.

**4. Same—**

Whether proof of payment of premium is an essential element of a cause of action against insurer or whether it is a matter of defense upon

CRISP v. INSURANCE CO.

which insurer has the burden of proof, depends upon the provisions of the contract and the circumstances of the case; further, payment of premium as a condition for effective insurance may be waived.

**5. Insurance § 3—**

Pertinent statutory provisions in force at the time of the execution of an insurance contract enter into and form a part of the policy to the same extent as if they are actually written into it.

**6. Insurance §§ 61, 65—**

Where insurer, in accordance with G.S. 20, Art. 13, issues certificate FS-1 which is delivered to the Department of Motor Vehicles, insurer represents that everything requisite for a binding insurance policy has been performed, including payment or satisfactory arrangement for payment of premium, and thereafter nonpayment of the premium is no defense in an action by an injured third party against insurer.

**7. Same—**

After insurer has issued certificates FS-1, insurer, in order to avoid liability to a third person injured by negligent operation of the vehicle insured, must allege and prove cancellation and termination of the policy in accordance with the applicable statute.

**8. Same—**

The requirement of G.S. 30-310 that the notice of termination of insurance should contain a statement that proof of financial responsibility is required to be maintained and that operation of a motor vehicle without maintaining such proof is a misdemeanor, is mandatory and not directory, and when the substance of the required statement does not appear anywhere in the notice of cancellation mailed to insured, the notice of cancellation is ineffective, especially in a suit by an injured third person against insurer.

**9. Insurance § 54—**

Where, at the time of applying for a liability policy, insured owns but one vehicle which has a 1947 body and chassis and a 1948 motor, the fact that the policy, stating the correct motor number, describes the vehicle as a 1948 model, is not fatal, the inference being permissible that the policy sufficiently described the automobile owned by insured at that time and that it was the intention of the parties that that particular vehicle be insured.

WINBORNE, C.J., not sitting.

APPEAL by plaintiff from *Farthing, J.,* November 1961 Term of BUNCOMBE.

This is a civil action instituted 12 December 1960 to recover benefits under an automobile liability insurance policy.

The complaint is summarized as follows: Defendant, insurance company, issued and delivered to Julius Creed Robinson (hereinafter called "insured") automobile liability insurance policy No. 461 373-

F19-33, effective 19 June 1959 to 19 December 1959, having limits of liability, $10,000 each person, $20,000 each occurrence, $5000 property damage. The policy covered a 1948 Ford, No. ICA 333169. Insured paid the premium of $18.70 and the policy was in full force and effect on 4 December 1959. On that date plaintiff suffered personal injury and property damage in a collision with an automobile operated by insured and covered by the policy. The collision was caused by the actionable negligence of insured. In a damage suit growing out of this collision, plaintiff on 11 August 1960 recovered judgment against insured for $2500 and costs in the Superior Court of Buncombe County. Execution was issued against insured and returned unsatisfied. Under the terms of the insurance policy defendant is obligated to pay the judgment, with interest and costs.

Defendant's answer: It is not denied that plaintiff recovered judgment against insured as alleged in the complaint. Insured had no policy of insurance in force and effect with defendant on 4 December 1959. The policy referred to in the complaint was issued and delivered by defendant to insured on 17 July 1959. Insured applied for the policy on 19 June 1959 and paid $10 on the premium of $18.70. He has paid nothing since. Thereafter, at the request of insured, the policy was "cancelled, transferred and replaced" by policy No. 473 166-F19-33, effective 10 September 1959, insuring a 1947 Chevrolet. On 18 September 1959 a statement of premium (due 18 October 1959) was mailed to insured. He failed to make payment. Notice of cancellation, effective 6 November 1959, was mailed to insured in accordance with the provisions of the policy.

At the trial plaintiff offered documentary evidence, including policy No. 461 373-F19-33, the judgment roll and execution in the damage suit, and admissions in the answer. There was testimony that insured in the Fall of 1959 traded the Ford for a 1947 Chevrolet.

Defendant offered records and testimony relative to its transactions with insured. Defendant's evidence tends to show: On 19 June 1959 insured applied to defendant for a liability policy insuring a 1948 Ford, Motor No. ICA 333 469. He signed the application. The premium was $18.70. He paid $10 on account. Defendant issued form FS-1, promulgated by the North Carolina Department of Motor Vehicles, certifying to the Department that insured had met statutory requirements for financial responsibility. Policy No. 461 373-F19-33 was issued and mailed to insured with a statement for $8.70, balance of premium. The policy was for a 6 months period, 19 June 1959 to December 19, 1959. On 10 September 1959 insured reported that the Ford had been replaced by a 1947 Chevrolet, No. EAM 7038. Defendant issued a new policy, No. 473 166-F19-33, effective 10 September 1959

to 19 December 1959. Insured, according to the practice in defendant's business, was not required to sign application for the new policy. This contract was mailed to insured with a statement of premium due. The premium was increased because of the addition of insured's son as an operator of the vehicle. Insured did not pay the balance of premium or any part thereof. On 22 October 1959 defendant mailed to insured notice of cancellation of policy No. 473 166-F19-33, stating: "Dear Member: We have not received the full amount required to keep this policy in force. This leaves us with no alternative, and we are obligated to notify you that this policy is cancelled, effective on 11-6-59-12:01 A.M. Standard Time. We are confident that you do not want to face the hazards of owning and operating an automobile without insurance. Please forward your remittance without delay, and we will reinstate this policy, effective upon receipt of the amount due. Your State Farm Agent will be pleased to furnish you with any assistance you may desire." On 25 November 1959 defendant prepared and mailed form FS-4 to the North Carolina Department of Motor Vehicles giving notice of termination of this insurance as of November 10, 1959, at 12:01 A.M.

One issue was submitted to and answered by the jury, as follows: "Was Policy No. 461 373-F19-33 in force and effect on December 4, 1959, as alleged in the Complaint? Answer: No."

Judgment was entered decreeing that plaintiff recover nothing.

Plaintiff appeals.

*Williams, Williams and Morris and J. N. Golding for plaintiff appellant.*

*Van Winkle, Walton Buck and Wall, O. E. Starnes, Jr., and Roy W. Davis, Jr., for defendant appellee.*

MOORE, J.   The judge instructed the jury as follows: ". . . (T)he court charges you . . . that if you believe all of the evidence in this case and find the facts to be as the evidence tends to show, that you would answer the issue NO." The jury did answer the issue "No."

In the first place, the instruction is insufficient in form. When a peremptory instruction is permissible, the court must leave it to the jury to determine the credibility of the testimony. *Reynolds v. Earley,* 241 N.C. 521, 85 S.E. 2d 904; *Shelby v. Lackey,* 236 N.C. 369, 72 S.E. 2d 757. Where the peremptory instruction is favorable to the party having the burden of proof, it must be in such form as to clearly permit a verdict unfavorable to such party in the event the jury finds that the evidence is not of sufficient weight and credibility to carry the burden. *Hunnicutt v. Insurance Co.,* 255 N.C. 515, 122 S.E. 2d 74.

Furthermore, the instruction given, had it been in proper form, was inappropriate in this case.

On this record the pleadings raise two issues. These may be stated as follows: (1) Did defendant issue and deliver to Julius Creed Robinson an automobile liability insurance policy which insured a 1947 Chevrolet, owned by Julius Creed Robinson and involved in a collision in which plaintiff was damaged on December 4, 1959, as alleged in the complaint? (2) If so, was the insurance policy cancelled and terminated prior to said collision? Plaintiff has the burden of the first issue, and defendant has the burden of the second.

The following facts do not appear to be controverted on this appeal: The 1947 Chevrolet described in policy No. 473 166-F19-33 was involved in an accident on 4 December 1959 in which plaintiff was damaged, and was being operated at the time by Robinson, the insured named in the policy. Plaintiff recovered judgment in the amount of $2500 against Robinson in a damage suit growing out of the accident. The judgment has not been paid.

In addition, plaintiff's evidence tends to show: Policy No. 461-373-F19-33 was issued and delivered by defendant to the named insured for the policy period 19 June 1959 to 19 December 1959. By its terms it insured not only the Ford automobile described therein but also any automobile acquired by insured during the policy period to replace the Ford described. In the Fall of 1959 insured traded the Ford for the 1947 Chevrolet which was involved in the collision in question.

This makes out a *prima facie* case for plaintiff. Defendant disagrees, and contends that plaintiff has the further burden of showing that the premium was paid.

As to whether one who claims benefits under a policy of insurance has the burden of proving that the premium has been paid, or whether nonpayment is a matter of defense, depends on the provisions of the insurance contract and the circumstances of the case. Nonpayment of premium has been held in some instances to be an affirmative defense. *Abernethy v. Insurance Co.,* 213 N.C. 23, 195 S.E. 30; *Harris v. Jr. O.U.A.M.,* 168 N.C. 357, 84 S.E. 405; *Wilkie v. National Council,* 147 N.C. 637, 61 S.E. 580; *Page v. Insurance Co.,* 131 N.C. 115, 42 S.E. 543. "The burden is on defendant to prove nonpayment of a premium or assessment . . . where the fact of payment has been prima facie proved, as where acknowledgement of payment is made in the policy, or where plaintiff is in possession of and produces the policy, and the other essentials to recovery are prima facie proved or admitted." 46 C.J.S., Insurance, s. 1316b (5) c, p. 397. Furthermore, payment of premium as a condition for effective insurance may be waived. *Pender v. Insurance*

*Co.*, 163 N.C. 98, 79 S.E. 293; *Rayburn v. Casualty Co.*, 138 N.C. 379, 50 S.E. 762.

The insurance policy in the instant case is subject to the provisions of the Vehicle Financial Responsibility Act of 1957, G.S. Ch. 20, Art. 13. "Where a statute is applicable to a policy of insurance, the provisions of the statute enter into and form a part of the policy to the same extent as if they were actually written in it." *Howell v. Indemnity Co.*, 237 N.C. 227, 74 S.E. 2d 610. Plaintiff, in the case at bar, issued certificate FS-1, and it was delivered to the North Carolina Department of Motor Vehicles. By the issuance of the certificate (FS-1) an insurer represents that it has issued and there is in effect an owner's motor vehicle liability policy. *Swain v. Insurance Co.*, 253 N.C. 120, 126, 116 S.E. 2d 482. In substance, by the issuance of the certificate the insurer represents that everything requisite for a binding insurance policy has been performed, including payment, or satisfactory arrangement for payment, of premium. Once the certificate has been issued, nonpayment of premium, nothing else appearing, is no defense in a suit by a third party beneficiary against insurer. To avoid liability insurer must allege and prove cancellation and termination of the insurance policy in accordance with the applicable statute, unless it is established by plaintiff's evidence or admissions.

". . . (T)he party asserting the cancellation of an automobile policy as a defense has the burden of proving it." Blashfield: Cyclopedia of Automobile Law and Practice (Perm. Ed.), Vol. 6 (Part 1), s. 3765.5, p. 405. See also *Barnes v. Trust Co.*, 229 N.C. 409, 50 S.E. 2d 2.

Defendant contends that its evidence shows that the subject insurance policy was duly cancelled for nonpayment of premium and that this entitles it to a peremptory instruction that the policy was not in force on the date in question.

G.S. 20-310 is the applicable statute in this case for the cancellation and termination of automobile liability insurance policies. It provides: "No contract of insurance or renewal thereof shall be terminated by cancellation or failure to renew by the insurer until at least fifteen (15) days after mailing a notice of termination to the named insured at the address shown on the policy. Time of the effective date and hour of termination stated in the notice shall become the end of the policy period. Every such notice of termination for any cause whatsoever sent to the insured shall include on the face of the notice a statement that proof of financial responsibility is required to be maintained continuously throughout the registration period and that operation of a motor vehicle without maintaining such proof of financial responsibility is a misdemeanor. Upon the termination of insurance by cancellation or failure to renew, notice of such cancellation or termination

shall be mailed by the insurer to the Commissioner of Motor Vehicles not later than fifteen (15) days following the effective date of such cancellation or other termination."

In order to effectively cancel a policy an insurer must substantially comply with the requirements of this section. The notice mailed by defendant to insured failed to include on the face thereof "a statement that proof of financial responsibility is required to be maintained continuously throughout the registration period and that operation of a motor vehicle without maintaining such proof of financial responsibility is a misdemeanor." The statute provides that such statement *shall* be included on the face of the notice. "The manifest purpose of the 1957 Act was to provide protection, within the required limits, to persons injured or damaged by the negligent operation of a motor vehicle. . . ." *Swain v. Insurance Co., supra.* It was the intent of the Act that motor vehicle owners maintain financial responsibility continuously and that the law enforce this purpose. It is our opinion that the statement required by G.S. 20-310 to be placed on the face of the notice of termination is not merely formal and directory. It is intended as a firm reminder to vehicle owners of the requirements of the law, and as a notice that failure to comply constitutes a criminal offense. It is to be given at the very time when insurance protection and financial responsibility is being withdrawn. The substance of the required statement appears nowhere in the language of the notice given by defendant. In the absence of circumstances in a civil action which might constitute a waiver or an estoppel, or render harmless the failure to include such statement, it is essential to a valid cancellation or termination, especially when the suit is by a member of the class the Act is designed to protect.

In passing, we observe that insurer did not mail to the Department of Motor Vehicles notice of the purported cancellation within 15 days following the effective date of cancellation stated in the notice to insured. Insured was advised that the effective date of cancellation was November 6, 1959. Notice was mailed to the Department November 25, 1959, and this notice stated that the effective date of cancellation was November 10, 1959.

We do not know, of course, what evidence may be adduced upon a retrial. It is our opinion that the uncontradicted evidence offered by defendant does not entitle it to a peremptory instruction that the alleged insurance policy was not in force on 4 December 1959.

We are not unmindful of defendant's argument that plaintiff fails to make out a *prima facie* case in accordance with the allegations of the complaint for that, it contends, the 1947 Chevrolet did not replace the Ford described in policy No. 461 373-F19-33 (the policy applied

for in June 1959 and delivered in July 1959). The evidence tends to show: In June 1959 insured went to the office of defendant's agent to apply for insurance. He owned only one automobile, a Ford. The Ford had a 1947 body and chassis and a 1948 motor. The correct motor number was given the agent. This motor number appears in the policy, and the policy describes the automobile as a 1948 Ford. This car was traded by insured for a 1947 Chevrolet in September 1959. According to policy provisions, insured reported the replacement, and a new policy (No. 473 166-F19-33) was issued insuring the Chevrolet.

Defendant now contends that, since plaintiff sues upon the first policy, he has not made out a *prima facie* case for the reason that the Chevrolet replaced a 1947 Ford, and not the 1948 Ford described in the policy. The contention is not sustained. Insured owned only one Ford at the time of the application. There is no suggestion by pleadings or otherwise that insured practiced any deceit, withheld any information, or gained any advantage. The proper motor number was given. The inference is permissible that the policy sufficiently describes the automobile owned by insured at that time, and that it was the intention of the parties that this particular automobile be insured. It was traded for the Chevrolet. The second policy, describing the Chevrolet, was merely an extension of the first policy. Its policy period ended 19 December 1959 as did that of the first policy.

New trial.

Winborne, C.J., not sitting.