JAMES LEE HARRIS v. NATIONWIDE MUTUAL INSURANCE COMPANY.

(Filed 25 March 1964.)

**1. Pleadings § 7—**

Where insured alleges payment to insurer's agent of a stipulated sum for a binder and that the agent entered into an agreement for the issuance of a policy of liability insurance as required by the Financial Responsibility Act, insurer's denial of payment and of the agreement entitles it to introduce its evidence with respect to nonpayment of the premium and nonexistence of the agreement, and such matters are not affirmative defenses which must be specifically pleaded.

**2. Appeal and Error § 47—**

Where defendant insurer denies plaintiff insured's allegation of payment of premium and agreement of its agent to issue a binder for automobile liability insurance, defendant is not prejudiced by order of the court sustaining plaintiff's demurrer to insured's further answer setting up such defenses specifically, since defendant would be entitled to set up the defenses under its denial, and order sustaining demurrer will not be disturbed on appeal.

**3. Insurance § 60—**

Where insurer refuses to defend an action against insured after request by insured accompanied by the suit papers, such refusal is tantamount to a denial of liability, and as a general rule such denial waives notice of the accident.

**4. Same—**

Request by insured that insurer defend an action brought against insured, accompanied by the suit papers, constitutes notice to insurer of the accident,

and whether such notice is given within a reasonable time depends upon the facts and circumstances of each case.

**5. Same; Insurance § 53.2—**

As between insurer and insured, the issuance by insurer of Form FS-1 does not estop insurer from denying that the policy was in force or that notice of the accident was given as required by the policy.

**6. Insurance § 63—**

If insured in a liability policy gives timely notice of a suit against him within the coverage of the liability policy, and insurer refuses to defend such suit, insured is entitled to recover of insurer the amount he is reasonably required to spend by virtue of the failure of insurer to defend the suit.

**7. Insurance § 53.2—**

In insured's action against insurer to recover for sums expended in defending a suit against insured within the coverage of the policy, insured's allegations of the payment of a sum to insurer's agent under agreement for the issuance of a binder do not relate to liability imposed by the Financial Responsibility Act, and therefore furnish no basis for a counterclaim against insured under G.S. 20-279.21.

APPEAL by defendant from *Bone, Emergency Judge,* 26 August 1963 Schedule "D" Session of MECKLENBURG.

This is a civil action instituted against the defendant to recover attorneys fees and other expenses incurred in defending a suit brought against the plaintiff by Robert B. Wilson, Jr., for personal injuries and property damage allegedly sustained in, an automobile collision on 9 January 1961 between the plaintiff's car and an automobile operated by said Robert B. Wilson, Jr., in Forsyth County.

The complaint alleges that the defendant's agent on 19 November 1960 entered into a binder agreement with the plaintiff for a policy of automobile liability insurance, as required by the Financial Responsibility Act of 1957, covering the plaintiff and his 1955 Chevrolet automobile, serial No. VC55B156315; that plaintiff paid the defendant's agent $12.00 on the premium for said automobile liability insurance policy; that on or about 25 November 1960 the defendant, acting through its agent, prepared and forwarded to the North Carolina Motor Vehicles Department Form FS-1, as required by said Department of Motor Vehicles, stating thereon that said insurance was effective as of 19 November 1960.

It is alleged that on 18 January 1961 the aforesaid Robert B. Wilson, Jr. instituted a civil action against the plaintiff herein for personal injuries sustained on 9 January 1961, while the aforesaid insurance was in full force and effect. in the sum of $10,000, and damage to property

in the sum of $1,200, as a result of the alleged negligence of plaintiff herein.

Upon being served with summons and complaint in the above action, the plaintiff herein sent the summons and complaint to the defendant insurance company and requested it to defend the action. The defendant failed and refused to do so.

The plaintiff alleged that he obligated himself to pay his attorneys the sum of $1,350 to defend the aforesaid action and incurred other expenses in connection therewith in the sum of $101.92. Plaintiff was successful in the defense of said action.

The defendant filed answer admitting the agency as alleged, notice of suit, and defendant's refusal to defend. The answer denies that premium was paid or that any agreement was made or binder or policy issued. The further answer sets up four defenses as follows: (1) Nonpayment of premium; (2) lack of any agreement, binder, or policy; (3) failure of plaintiff to give defendant notice as required by defendant's policy, if it be found that a policy was issued, and (4) a counterclaim for whatever the plaintiff may recover in this action on the ground that defendant's policies provide that the insured shall reimburse the company for any amount of expense incurred for which amount the company would not have been liable except for the provisions of the Financial Responsibility Act of 1957.

The plaintiff demurred to each of these defenses for failure to state facts sufficient to constitute an affirmative defense. The demurrer was sustained as to each of the four further answers and defenses, and the defendant appeals, assigning error.

*Welling, Welling & Meek for plaintiff appellee.*
*Haynes, Graham & Bernstein for defendant appellant.*

DENNY, C.J. The appellant's only assignment of error is to the ruling of the court below in sustaining the demurrer to each of the four further defenses set out in the defendant's answer.

The first further answer and defense to which the plaintiff's demurrer was sustained, was based on the allegation that no premium had been paid for the alleged insurance coverage. The plaintiff alleges in his complaint that a premium of $12.00 was paid to the agent of the defendant for the insurance binder. The defendant denied this allegation in its answer. Likewise, the second further answer and defense to which the demurrer was sustained was the allegation that no agreement had been made at any time by the defendant or any of its agents to issue a binder for automobile liability insurance coverage to the

plaintiff as alleged in the complaint. The defendant denied in its answer that any such coverage had ever existed; therefore, upon the trial of this cause, the defendant may introduce its evidence with respect to nonpayment of premium, as well as to the nonexistence of any agreement to issue the binder for insurance coverage, as alleged in the complaint.

In *Chandler v. Mashburn,* 233 N.C. 277, 63 S.E. 2d 553, it is said: "The plea of denial controverts and raises an issue of fact between the parties as to each material allegation denied, and forces the plaintiff to prove them. That is all that is required of the defendant to admit of presentation of his defense: McIntosh N. C. P. & P., 461. In such case the defendant may show any facts which go to deny the existence of the controverted facts."

The sustaining of the demurrer as to the first and second further defenses is in no way prejudicial to the defendant, and, as to it, the appellant has failed to show prejudicial error. *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185.

The third further answer and defense is to the failure of the plaintiff to give notice as required by defendant's policy; if it be found that such a policy was issued.

The complaint alleges that the accident out of which the subsequent litigation arose, occurred on 9 January 1961; that on 18 January 1961 a civil action for damages and personal injuries was instituted against the plaintiff herein; that the complaint was filed in said action on 7 February 1961; that the plaintiff herein upon being served with summons and complaint, forwarded the same to the defendant, the receipt of which is admitted in defendant's answer. The date these papers were received by the defendant is not disclosed by the pleadings. However, the defendant admitted in its answer that it refused to defend the action.

The general rule is that denial of liability under a policy of insurance waives notice of accident. Moreover, the request to defend an action, accompanied by the suit papers, constitutes notice. However, whether such notice was given within a reasonable time depends upon the facts and circumstances. *Anderson v. Insurance Co.,* 211 N.C. 23, 188 S.E. 642; Strong's North Carolina Index, Volume 2, Insurance, section 60.

We think the refusal of the defendant to defend the action was tantamount to a denial of liability under the terms of the alleged binder agreement. Even so, there is no allegation on the part of the defendant in its answer that it was in any way prejudiced by not receiving notice of the accident prior to the receipt of the suit papers. Moreover,

the defendant's pleadings are to the effect that neither the defendant nor any of its agents ever entered into an agreement to issue a binder for automobile liability insurance coverage as alleged in the complaint and that if such agreement was made,. the plaintiff failed to pay any premium in connection therewith.

In light of these allegations, did the issuance of Form FS-1 and the forwarding of same to the Department of Motor Vehicles estop the defendant from denying coverage under the alleged binder?

The mere issuance of such form and the forwarding thereof to the Motor Vehicles Department, under our decisions, would not constitute an estoppel as between the insurer and the insured. *Seaford v. Insurance Co.,* 253 N.C. 719, 117 S.E. 2d 733, and cited cases. However, it is otherwise as to third party beneficiaries. In *Crisp v. Insurance Co.,* 256 N.C. 408, 124 S.E. 2d 149, *Moore, J.,* speaking for this Court, said: "By the issuance of the certificate (FS-1) an insurer represents that it has issued and there is in effect an owner's motor vehicle liability policy. *Swain v. Insurance Co.,* 253 N.C. 120, 126, 116 S.E. 2d 482. In substance, by the issuance of the certificate the insurer represents that everything requisite for a binding insurance policy has been performed, including payment, or satisfactory arrangement for payment, of premium. Once the certificate has been issued, nonpayment of premium, nothing else appearing, is no defense in a suit by a third party beneficiary against insurer."

If upon the trial of this cause the plaintiff can establish his allegations with respect to the insurance coverage, timely notice, and the payment of premium, the plaintiff would be entitled to recover of the defendant the amount he was reasonably required to spend by virtue of the failure of the defendant to defend the suit instituted against the plaintiff for personal injuries and damages growing out of the alleged negligent operation of plaintiff's 1955 Chevrolet. *Anderson & Co. v.. Insurance Co.,* 212 N.C. 672, 194 S.E. 281.

The fourth defense in defendant's further answer is based on G.S. 20-279.21 (h) which reads as follows: "Any motor vehicle liability policy may provide that the insured shall reimburse the insurance carrier for any payment the insurance carrier would not have been obligated to make under the terms of the policy except for the provisions of this article."

The plaintiff alleges in his complaint that the agent of the defendant agreed to issue the binder for automobile liability insurance coverage as required by the Financial Responsibility Act of 1957, and that such coverage was in full force and effect on the date of the automobile accident complained of and .growing out of which the plaintiff herein was

sued. Even so, as we construe the allegations in the plaintiff's complaint, if proven by the greater weight of the evidence, they furnish no basis for affirmative relief as alleged in defendant's further answer and defense by way of counterclaim or recoupment in favor of the defendant.

The ruling of the court below sustaining the demurrer as to each of the four further defenses set out in the defendant's answer, is

Affirmed.