**GOVERNMENT EMPLOYEES INSURANCE COMPANY, a corporation, Appellant,**

v.

**STONEWALL CASUALTY COMPANY, a corporation, Appellee.**

**No. 6683.**

District of Columbia Court of Appeals.

Argued Dec. 5, 1972.

Decided Feb. 27, 1973.

Wade J. Gallagher, Washington, D. C., for appellant.

Donald P. Maiberger, Washington, D. C., for appellee.

Before KELLY and FICKLING, Associate Judges, and HOOD, Chief Judge, Retired.

FICKLING, Associate Judge:

This appeal by Government Employees Insurance Company (hereinafter GEICO)

---

challenges the correctness of the trial judge's award of summary judgment in favor of Stonewall Casualty Company (hereinafter Stonewall). We affirm.

On December 8, 1970, an automobile collision occurred within the District of Columbia between vehicles owned and operated by Lora Lewis and Samuel Askew.[1]

Stonewall, Lewis' insurer, filed a complaint for declaratory judgment[2] against GEICO seeking to establish the existence of a contract of insurance between GEICO and Askew on the date of the accident. Cross-motions for summary judgment were filed after the following facts were established. Lewis was insured by Stonewall at the time of the accident. Her policy included an uninsured motorists clause which became operative if Askew was not covered with liability insurance. Askew's status, however, was not so certain. On October 15, 1969, Askew obtained a liability policy from GEICO in compliance with provisions of the Motor Vehicle Safety Responsibility Act of the District of Columbia, D.C.Code 1967, § 40–417 et seq. (Supp. V, 1972) (hereinafter the Act). GEICO filed a Certificate of Insurance (SR–22) with the Department of Motor Vehicles verifying this fact in compliance with Section 40–470 of the Act. The policy expired on October 14, 1970; GEICO received no request to renew the policy and was not tendered payment. However, on October 9, 1970, GEICO filed a new SR–22, certifying that Askew was insured by GEICO. This certificate, which had been erroneously filed, was not withdrawn until after the accident on December 8, 1970.

The trial court held that the filing of the SR–22 with the Department of Motor Vehicles by GEICO created a policy of liability insurance, as a matter of law, which existed on the day of the accident.

■ GEICO's contention, that the erroneous filing of the SR–22 should not "create" a policy of liability insurance, is not compatible with the ameliorative purposes of this remedial statute.[3] The Act is designed to protect, so far as possible, innocent persons injured by the negligent operation of motor vehicles.[4] The sections we are asked to interpret do this by requiring certain irresponsible drivers[5] to obtain liability insurance in specified minimum amounts[6] and to have that fact certified by the liability carrier to the Department of Motor Vehicles by means of the SR–22 form.[7] Once the certificate is filed, the insurance policy ceases to be merely a private contract. It takes on certain public aspects, one of which is the notification requirement of Section 40–474. That section requires that the Commissioners be notified of a carrier's intent to cancel a policy issued pursuant to the Act at least ten days prior to the cancellation. If they are not notified, the policy remains in full force and effect.

GEICO argues that it is not required to notify the Commissioners of the erroneous filing, only of an actual cancellation. However, this contention overlooks the primary purpose of the notification require-

---

1. A suit between Lewis and Askew is pending in the trial court.

2. This action was certified from the United States District Court to the Superior Court pursuant to D.C.Code 1967, § 11–922(b) (Supp. V, 1972).

3. For cases requiring broad construction of other similar financial responsibility laws, see Crisp v. State Farm Mut. Auto. Ins. Co., 256 N.C. 408, 124 S.E.2d 149 (1962); Henthorn v. M.G.C. Corp., 1 Wis.2d 180, 83 N.W.2d 759 (1957);

Laughnan v. Aetna Cas. & Sur. Co., 1 Wis.2d 113, 83 N.W.2d 747 (1957).

4. See generally 7 Am.Jur.2d Automobile Insurance §§ 6–7 (1963), and cases cited therein. See also 7 Am.Jur.2d Automobile and Highway Traffic §§ 135–37 (1963).

5. See D.C.Code 1967, § 40–450.

6. Id., § 40–473.

7. Id., § 40–470.

ment of Section 40–474. That section set out verbatim provides:

§ 40–474. Notice of cancellation or termination of certified policy.

The Commissioners shall be notified of the cancellation of any motor-vehicle liability policy of insurance certified under the provisions of sections 40–450 to 40–484 or of any surety or real estate bond at least ten days before the effective date of such cancellation. In the absence of such notice of cancellation said policy of insurance shall remain in full force and effect that any policy subsequently procured and certified shall on the effective date of its certification terminate the insurance previously certified with respect to any vehicle designated in both certificates. *Upon receipt of such notice of cancellation the said Commissioners shall require other evidence of ability to respond in damages and upon failure to furnish the same before the effective date of such cancellation, the license and all of the registration certificates of the person failing to comply herewith shall be suspended by the Commissioners and shall remain so suspended until such other evidence of ability to respond in damages shall have been given.* [Emphasis added.]

The purpose of notification is to insure that motorists, who are required by the Act to have automobile liability insurance in order to retain their license and vehicle registration, do have such insurance. After notification the section allows the insured ten days to furnish the Commissioners other evidence of ability to respond in damages. If the insured is unable to secure other evidence, then the license and all of the vehicle registration certificates of the insured are suspended by the Commissioners.

■ In other words, if GEICO had not filed the SR–22, then Askew would have been required to furnish additional evidence of responsibility or to have surrendered his license and vehicle registration. The erroneous filing by GEICO allowed Askew to retain his permit to drive without being insured. We therefore hold that in view of the specific facts and circumstances of this case, the erroneous filing by GEICO, as a matter of law, estopped GEICO from denying the existence of a policy of insurance meeting the minimum requirements of the Act. We find no merit in appellant's other contentions, therefore the judgment of the trial court is

Affirmed.