CHARLIE GLENN REDMON v. UNITED STATES FIDELITY AND
    GUARANTY COMPANY, FRANCIS LILLIAN BARE HOLCOMB,
    JOHNNY MARSHALL HOLCOMB, AND O. L. ELLIOTT

No. 7423SC243

(Filed 5 June 1974)

1. Insurance § 95— cancellation of assigned risk policy by insurer — jury
   question

    In an action to determine whether an assigned risk automobile
    liability policy had been cancelled by defendant insurer for nonpayment
    of premium prior to an accident, the trial court properly denied de-
    fendant's motions for summary judgment, directed verdict and judg-
    ment n.o.v., notwithstanding defendant offered evidence that it had
    complied with statutory requirements for cancellation of the policy,
    since the insured testified she received no notice of cancellation and
    the weight and credibility of the evidence were for the jury. G.S.
    20-309(e) ; G.S. 20-310(a).

2. Insurance § 106; Witnesses § 8— action against insurer by injured
   third party — bias of driver against insurer

    In an action to determine whether an assigned risk insurer is
    liable for a judgment obtained by plaintiff against the owner and
    driver of a vehicle involved in an accident wherein the issue was
    whether the policy had been effectively cancelled by the insurer prior
    to the accident, the trial court erred in the exclusion of testimony by
    the driver that he would like to see plaintiff recover from defendant
    insurer since such testimony was competent to show bias or interest in
    the outcome of the case.

3. Insurance § 95— cancellation of assigned risk policy by insurer —
   admissibility of FS-4 form

    In an action to determine whether an assigned risk automobile
    liability policy had been cancelled by defendant insurer prior to an
    accident, the trial court committed prejudicial error in refusing to
    allow defendant to introduce the FS-4 form received by the Depart-
    ment of Motor Vehicles which notified the Department of the cancella-
    tion since that document bore on whether the statutory procedures
    for cancellation had been followed and on the credibility of the
    insured's testimony that she had not received a cancellation notice
    allegedly mailed along with the FS-4 form.

APPEAL by defendants from *Rousseau, Judge,* 17 September
1973 Session of Superior Court held in WILKES County.

On 5 April 1971, plaintiff was injured in a single vehicle
accident involving a truck owned by defendant Francis Bare
Holcomb and operated by her husband, defendant Johnny Marsh-
all Holcomb. Plaintiff was a passenger in the truck. Plaintiff
instituted an action against defendants Holcomb to recover

damages for personal injuries sustained in the accident and secured a $16,000.00 judgment. In August 1972, plaintiff initiated the present action seeking a declaratory judgment adjudicating that United States Fidelity & Guaranty Insurance Company (Guaranty) is liable for payment on that judgment.

Plaintiff asserted that the defendants Holcomb were insured under an assigned risk automobile liability policy issued by Guaranty and procured by defendant O. L. Elliott, an insurance agent in West Jefferson, North Carolina. Prior to trial plaintiff's claim against Elliott was dismissed.

Plaintiff's evidence indicated the following. In June 1970, defendant Francis Bare Holcomb purchased liability insurance on a 1953 Ford automobile. In October 1970, Holcomb had the insurance on the 1953 Ford cancelled and transferred the coverage to the 1948 pickup truck involved in the accident. The insurance premium for the automobile was paid in full, and there was no additional premium when coverage was transferred to the truck. In December 1970, Holcomb requested that another vehicle be added to the policy. Holcomb claimed that, after making this request, she was never notified that the addition of another vehicle to the policy would precipitate a premium increase. Holcomb also denied receiving any notification that her insurance was being cancelled for nonpayment of premium.

Defendants' evidence tended to show the following. When Holcomb requested that her insurance coverage be extended to include the additional vehicle, Guaranty sent copies of an endorsement to the insured and to agent Elliott which indicated that the extension in coverage required an additional premium of $13.00. Guaranty sent written notice to the insured, defendant Holcomb, that the additional premium was payable on or before February 12, 1971. The notice also contained the following warning: "If payment is not received by that date, the policy and any certificate issued will be cancelled." When the required payment was not made, Guaranty mailed a notice of cancellation to Holcomb. A copy of the notice and a certificate of mailing were introduced into evidence as was a copy of an envelope routinely used by Guaranty to mail cancellation notices bearing the notation, "Important Insurance Notice." Joseph T. Allford, Jr., an underwriter for Guaranty, testified that he did not personally mail the notice of cancellation or receive the certificate of mailing from the Post Office but explained,

"I know that letter was transmitted to the Post Office as our Mail Clerk takes all direct notices, such as this, down to the Post Office and he carried the certificate with him and he gives the letter and the certificate to the Postal Clerk. . . . The Post Office Department receives the letter stamps the certificate of mailing as proof that it was mailed. . . ."

Regarding the envelope in which the cancellation notice was mailed to insured, Allford stated, "No, sir as I said I cannot swear that everything was mailed in an envelope containing the words 'Important—Notice Insurance.' " Allford also stated that Guaranty owed defendant Francis Holcomb $21.00 as a result of the insurance cancellation, that the $13.00 owing to Guaranty and a 10% seller's commission were deducted from the $21.00, and that a draft for $7.20 was issued to Capital Premium Plan which had financed Holcomb's initial insurance premium.

At the close of all the evidence, plaintiff's claim against defendants Holcomb was dismissed. The jury determined that Guaranty had issued an insurance policy covering the truck involved in the accident to Francis Bare Holcomb, that another truck was later added to the policy, that Holcomb failed to pay the additional premium required for the extension of coverage and that Guaranty did not cancel the policy as provided by law. From the judgment that the insurance policy in question was in full force and effect when the accident occurred, Guaranty appealed.

*Franklin Smith for plaintiff appellee.*

*Edwin G. Farthing for defendant appellant.*

VAUGHN, Judge.

[1] Defendant United States Fidelity and Guaranty Company contends the court erred in refusing to grant its motions for summary judgment, directed verdict and judgment notwithstanding the verdict. We disagree. Defendant bore the burden of proof on the issue of the insurance policy's cancellation. *Crisp v. Insurance Co.*, 256 N.C. 408, 124 S.E. 2d 149. In order to be effective, a purported cancellation must comply with the provisions of G.S. 20-309(e) and G.S. 20-310(a). *Harrelson v. Insurance Co.*, 272 N.C. 603, 158 S.E. 2d 812; *Crisp v. Insur-*

Redmon v. Guaranty Co.

*ance Co., supra.* G.S. 20-309 (e) requires an insurer to notify the Department of Motor Vehicles of a policy cancellation 15 days prior to the effective date of the cancellation. Upon receiving such notice of cancellation, the Department of Motor Vehicles must notify the owner of the cancellation. Before the 1971 amendment, which is not applicable here, G.S. 20-310 (a) provided, among other things, that an insurer could not cancel an insurance policy until fifteen (15) days after mailing a notice of termination by certificate of mailing to the named insured at the latest address filed with the insurer. G.S. 20-310 (a) also required the face of the envelope in which the notice was mailed be marked "Important Insurance Notice." Defendant offered evidence of compliance with G.S. 30-309 (e) and G.S. 20-310 (a). The weight and credibility of such evidence was, however, for the jury.

[2] Defendant maintains that the court committed prejudicial error in not permitting defendant, John Holcomb to answer the following question, " . . . you would like to see Mr. Redmon recover from this insurance company, wouldn't you?" The record discloses the witness' answer would have been "Yes." A witness may be cross-examined to show bias or interest in the outcome of a case, and it is error to prevent cross-examination of a witness as to facts from which bias would clearly be inferred. Holcomb's relationship to Guaranty and his attitude toward that defendant could permit an inference of bias and interest in the outcome of the proceedings.

[3] Defendant also objects to the court's exclusion of an FS-4 form received by the Department of Motor Vehicles from defendant. The FS-4 form is used by an insurer to notify, as is required by G.S. 20-309 (e), the Department of Motor Vehicles of a liability insurance policy cancellation. Defendant was allowed to introduce Guaranty's file copy of the FS-4 defendant claimed was mailed simultaneously with a notice of cancellation to the insured. G.S. 20-309 (e) must be complied with before a cancellation of an insurance policy is legally sufficient. Although the fact that the Department mailed an FS-5 form, which was introduced into evidence, to the insured suggests defendant had notified the Department, defendant should have, nevertheless, been allowed to introduce the FS-4 received by the Department. Not only did that document bear on whether the statutory procedures for a valid cancellation had been followed, but it also bore on defendant's credibility in view of the fact Francis Hol-

comb denied receiving a cancellation notice allegedly mailed along with the FS-4.

For the reasons stated, we direct that there be a new trial.

New trial.

Judges PARKER and CARSON concur.