C. J. WHITLEY v. MONROE M. REDDEN, EXECUTOR ESTATE OF LEON D. HYDER

No. 6929SC285

(Filed 27 August 1969)

1. Pleadings § 37— issues raised by pleadings

Issues arise on the pleadings when a material fact is asserted by one party and denied by the other. G.S. 1-196, G.S. 1-198.

2. Pleadings § 37— issue of fact

An issue of fact arises when a material allegation appearing in the complaint is denied in the answer.

3. Pleadings § 37— material fact

A material fact is one which constitutes a part of the plaintiff's cause of action or the defendant's defense.

4. Pleadings § 37— submission of issues — duty of trial court

It is the duty of the trial judge to submit such issues as are necessary to settle the material controversies in the pleadings, and in the absence of such issues and without admissions of record sufficient to justify the judgment rendered, the Court of Appeals will remand the case for a new trial.

5. Judgments § 3; Bills and Notes § 16— conformity of judgment to pleadings — issues — indebtedness of defendant

Where, in an action to recover upon two promissory notes, the complaint raises the issue of the indebtedness of defendant, it is error for the trial judge to enter judgment in favor of plaintiff absent an admission of indebtedness in the pleadings or by stipulation, or a finding by the jury that defendant was indebted to plaintiff.

6. Evidence § 11— action on promissory notes — dead man's statute — testimony by plaintiff

In an action against an executor to recover on two notes allegedly executed by the decedent to the plaintiff and to plaintiff's witness, testi-

mony by plaintiff and his witness that the decedent had been in bad financial condition and had requested their help in obtaining a loan for one million dollars and that the notes were given to them in settlement for their help, although admitted by the trial court for the sole purpose of disclosing the basis of the witnesses' opinion as to the mental capacity of decedent to execute the notes, *is held* incompetent and inadmissible under G.S. 8-51, since the testimony related to a personal transaction with decedent and tended, in support of plaintiff's claim against the executor, to establish the execution and delivery of the notes and the consideration therefor.

**7. Evidence § 11; Trial § 17— dead man's statute — mental competency of decedent — evidence competent for restricted purpose**

Where evidence is admissible under the rule that testimony of personal transactions and communications with a decedent is competent on the question of the mental capacity of the decedent, but such evidence is also inadmissible under the "dead man's statute," G.S. 8-51, in that the testimony tends directly to establish the material facts in issue, the evidence should be excluded.

APPEAL by defendant from *Thornburg, S.J.*, January 1969 Special Session of Superior Court held in HENDERSON County.

In this civil action plaintiff seeks to recover on two notes, the first dated 11 June 1965 in the sum of $120,000, and the second dated 2 August 1965 in the sum of $65,000. Both notes are alleged to have been executed for value received and delivered by defendant's testator, Leon D. Hyder (Hyder), to C. J. Whitley (Whitley) and E. R. Flowers (Flowers). Flowers subsequently assigned his interest in the two notes to Whitley. Each of the assignments was made in the following language: "FOR VALUE RECEIVED, the undersigned hereby sell, assign and transfer his interest in this Note to C. J. Whitley." Plaintiff also alleged that Hyder died testate on 3 September 1967 and that defendant was indebted to him in the sum of $185,000, plus interest.

Defendant answered and denied the indebtedness and the execution and delivery of the notes. Defendant also alleged a lack of consideration for the notes and by amendment to the answer asserted that on the dates alleged Leon D. Hyder did not have sufficient mental capacity to execute and deliver the notes.

Issues were submitted to the jury and answered as appear in the following judgment which was entered herein:

"This cause coming on to be heard before Honorable Lacy H. Thornburg, Judge presiding over the January 20, 1969, Civil Session of Superior Court of Henderson County, and a jury;

And the jury having answered the issues submitted as follows:

1.  Did Leon D. Hyder sign the note dated June 11, 1965, payable to C. J. Whitley and E. R. Flowers, in the sum of $120,-000.00 and deliver same to them, as alleged in the complaint?
     ANSWER:   Yes.

2.  Did Leon D. Hyder on June 11, 1965, have sufficient mental capacity to sign and deliver said note?
     ANSWER:   Yes.

3.  Was said promissory note issued for valuable consideration?
     ANSWER:   Yes.

4.  Did Leon D. Hyder sign the note dated August 2, 1965, payable to C. J. Whitley and E. R. Flowers in the sum of $65,000.00 and deliver same to them, as alleged in the complaint?
     ANSWER:   Yes.

5.  Did Leon D. Hyder on August 2, 1965, have sufficient mental capacity to sign and deliver said note?
     ANSWER:   Yes.

6.  Was said promissory note issued for valuable consideration?
     ANSWER:   Yes.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that plaintiff have and recover of the defendant the sum of One hundred and eight-five thousand ($185,000.00) Dollars, together with interest thereon at the rate of 6% per annum from December 28, 1967.

It further appearing to the Court that Drs. Fortescu and Sellers were duly subpœnæd and qualified to testify, and testified as expert witnesses on behalf of the defendant during the trial of this action, and that the sum of $50.00 is reasonable expert witness fee for said doctors;

IT IS THEREFORE, further ordered that Drs. Fortescu and Sellers be, and each is allowed expert witness fee in the sum of $50.00, same to be taxed as part of the cost of this action.

IT IS FURTHER ORDERED that the cost of this action as determined by the Clerk shall be and is hereby taxed against the defendant.

This the 30th day of January, 1969."

Defendant assigned error and appealed to the Court of Appeals.

*Bailey & Davis by Gary A. Davis for plaintiff appellee.*
*Redden, Redden & Redden for defendant appellant.*

MALLARD, C.J.

Plaintiff alleged the following in paragraph 8 of the complaint:

"That there is now due and owing to the plaintiff from the defendant the sum of One Hundred Eighty-Five Thousand ($185,-000.00) Dollars, together with interest thereon at the rate of six (6%) per cent per annum from December 28, 1967, no part of which amount has been paid."

Defendant in answering this allegation of the complaint said:

"That the allegations contained in Paragraph 8 of the complaint are untrue and are denied."

**[1-3]**     It is elementary that issues arise upon the pleadings when a material fact is asserted by one party and denied by the other. G.S. 1-196; G.S. 1-198. An issue of fact arises when a material allegation appearing in the complaint is denied in the answer. *Baker v. Construction Corp.*, 255 N.C. 302, 121 S.E. 2d 731 (1961). "A material fact is one which constitutes a part of the plaintiff's cause of action or the defendant's defense." *Wells v. Clayton*, 236 N.C. 102, 72 S.E. 2d 16 (1952). See also *In Re Wallace*, 267 N.C. 204, 147 S.E. 2d 922 (1966).

G.S. 1-200 requires:

"Issues shall be framed in concise and direct terms, and prolixity and confusion must be avoided by not having too many issues. The issues arising upon the pleadings, material to be tried, must be made up by the attorneys appearing in the action, or by the judge presiding, and reduced to writing, before or during the trial."

**[4]**     The rule as to the duty of the trial judge is succinctly stated by Justice Sharp in *Heating Co. v. Construction Co.*, 268 N.C. 23, 149 S.E. 2d 625 (1966), as follows:

"The sum and substance of the foregoing precepts is that it is the duty of the judge to submit such issues as are necessary to settle the material controversies in the pleadings. In the absence of such issues, without admissions of record sufficient to justify the judgment rendered, this Court will remand the case for a new trial. *Tucker v. Satterthwaite*, 120 N.C. 118, 27 S.E. 45."

**[5]**     In the case before us the issue of indebtedness was raised by the pleadings. There does not appear in the pleadings or stipulations an admission, nor was there a determination by the jury, that the plaintiff was entitled to recover any sum of the defendant. Absent an admission of indebtedness in the pleadings or by stipulation, or

a finding by the jury that the defendant was indebted to the plaintiff, it was error for the judge to enter the judgment in this case. *Oil Co. v. Fair,* 3 N.C. App. 175, 164 S.E. 2d 482 (1968).

We refrain from discussing the evidence in detail since a new trial is awarded. *Baker v. Construction Co., supra.* However, we deem it necessary to discuss assignments of error based upon exceptions to certain testimony of Flowers and Whitley.

The evidence tended to show that the notes sued on were payable to Flowers and Whitley. Flowers, by endorsement, transferred his interest in the notes to Whitley. Flowers and Whitley, as plaintiff's witnesses, were permitted to testify, over objection by the defendant, about personal transactions and communications between them and Hyder.

The court attempted to limit or restrict the testimony of the witness Flowers by instructing the jury on one occasion as follows:

"Members of the jury, again, the Court instructs you that the answers to the previous question, and this further testimony, is offered for the sole purpose of disclosing the basis of this witness' opinion as to the mental capacity of the deceased, and assist you in determining the credibility, or worthiness of belief of that opinion, if you find that it does tend to do so, and for no other purpose, and these instructions will apply to the following testimony at each time that an objection is made by counsel to this witness' testimony, and overruled by the Court, until you are further advised by the Court that the instructions do not apply."

Flowers testified, over objection, that Hyder told him in the presence of Whitley that the two of them were his (Hyder's) best friends. Some of the testimony of Flowers tended to show that Hyder repeatedly told them he was in a bad financial condition and that Flowers and Whitley helped him by obtaining a commitment for a loan of one million dollars. Immediately after this the following occurred:

"Q. Tell the jury what else he said. OBJECTION. OVERRULED. EXCEPTION.

DEFENDANT'S EXCEPTION NO. 28.

THE COURT: It is admitted under the instructions previously given you concerning this witness' testimony, members of the jury.

A. Mr. Hyder then said this would enable him to keep the

company, and he recalled his conversation in Florida with us in reference to what we — OBJECTION. OVERRULED. EXCEPTION.

DEFENDANT'S EXCEPTION NO. 29.

A.　Mr. Hyder said that with this million dollars, I can continue to operate the Clay Hyder Trucking Lines; I'm not forced to sell it, and, in my original obligation to you, stands, in full, and, one other thing, that you and Mr. Whitley would have to operate this company, that was one of the stipulations — MOTION TO STRIKE ANSWER. MOTION DENIED. DEFENDANT EXCEPTS.

DEFENDANT'S EXCEPTION NO. 30.

THE COURT TO THE JURY: You will not consider the witness' remark that that was one of the stipulations, members of the jury, in any point in your deliberations.

Q.　Well, Mr. Flowers, is that what Mr. Hyder said to you? OBJECTION. OVERRULED. EXCEPTION.

DEFENDANT'S EXCEPTION NO. 31.

A.　That's what Mr. Hyder said to me.

THE COURT: OVERRULED. It is admitted for the purpose previously given, concerning this witness' testimony, members of the jury."

We think that the instructions and rulings by the court tended to confuse the jury when the motion to strike was denied, and then partially allowed. It was confusing when the judge told them not to consider the witness' remark that "that was one of the stipulations" and then permitted counsel in substance to repeat and the witness to answer the same question. It was also confusing to the jury to instruct them "it is admitted for the purpose previously given, concerning this witness' testimony."

We do not think that the jury could follow and properly apply the many different instructions given by the court in its effort to limit and restrict to the issue of mental capacity the effect of the testimony of Flowers and Whitley relating to their conversations and communications with Hyder.

[6]　Flowers and Whitley were both permitted to testify in substance, over objection, that Hyder had been in bad financial condition and requested their help, that he had the notes sued on and each stated their conclusion as to what Hyder wanted to do with the

notes and many other things, and also that the two notes were to be given to them in settlement for what they had done for him in obtaining a commitment for a million dollar loan. In brief, under the guise of limiting the testimony for the sole purpose of disclosing the basis of the opinion of the witness as to the mental capacity of the deceased, and assisting the jury to determine the credibility or worthiness of belief of that opinion, the court permitted Flowers and Whitley to tell of the conversations with Hyder about the very transactions that were involved in the case. We think this was directly in contravention of the express terms of G.S. 8-51 which reads in pertinent part as follows:

"Upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or a person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic; . . ."

In the case of *Sherrill v. Wilhelm*, 182 N.C. 673, 110 S.E. 95 (1921), it is said:

"We think a fair test in undertaking to ascertain what is a 'personal transaction or communication' with the deceased about which the other party to it cannot testify is to inquire whether, in case the witness testify falsely, the deceased, if living, could contradict it of his own knowledge. *Carey v. Carey, supra.* Death having closed the mouth of one of the parties, it is but meet that the law should not permit the other to speak of those matters which are forbidden by the statute. Men quite often understand and interpret personal transactions and communications differently, at best; and the Legislature, in its wisdom, has declared that an *ex parte* statement of such matters shall not be received in evidence. Such is the law as it is written, and we must obey its mandates."

In the case before us Whitley is a party interested in the event, and Whitley received by assignment an interest in the notes from Flowers. They were both testifying in the interest of Whitley and against the representative of the deceased Hyder. The testimony re-

lated to a personal transaction or communication between them and the deceased Hyder. The personal representative had not "opened the door" by testifying or offering the testimony of the deceased person. See Stansbury, N. C. Evidence 2d, § 66.

If Flowers and Whitley were testifying falsely about their personal transactions and communications with Hyder, as to whether the notes were given for a valuable consideration and as to whether the notes were executed and delivered by Hyder, then the logical party to rebut such testimony would be Hyder. When death sealed the lips of Hyder, we think the statute G.S. 8-51 sealed Flowers' and Whitley's lips. The statute itself contains only two exceptions, one of which relates to the identity of the driver of a motor vehicle, and the other relates to cases in which the representative of the lunatic or deceased person has "opened the door" by testifying or offering the testimony of the deceased or insane person.

In *McLeary v. Norment*, 84 N.C. 235 (1880), and other cases involving the mental capacity of a deceased person, the Supreme Court has stated what seems to be another exception to the above statute which provides that after a witness has stated his opinion as to the mental capacity of such deceased person, and where this opinion has been formed from conversations and communications with such person, it is competent to offer such in evidence as constituting the basis of such opinion. While it is conceded that a sane declaration by a person may be some evidence of sanity, the statute as written by the Legislature does not contain this exception.

The plaintiff cites *In Re Hinton*, 180 N.C. 206, 104 S.E. 341 (1920), and quotes from it and the case of *McLeary v. Norment*, *supra*, as authority for the admission of the testimony of Flowers and Whitley relating to personal transactions and communications with Hyder. We do not think that the principles of law enunciated in these two cases and others of like import can be applied as a correct interpretation and application of the statute G.S. 8-51 in relation to the facts in this case.

In the case before us the testimony of Flowers and Whitley tended directly to establish, in addition to the mental capacity of Hyder, the execution and delivery of the notes and the consideration involved in the transaction.

[7] In this case the statute G.S. 8-51 is in conflict with the rule that testimony of personal transactions and communications is competent on the question of the mental capacity of a deceased person where the opinion of the interested witness as to the mental competency has been formed from conversations and communications

with such deceased person. We think that when these two principles of law conflict with each other because the testimony of an interested witness concerning personal transactions and communications with a deceased person tends directly to establish the material facts in issue, in addition to mental capacity, then the statute should control.

The rule that evidence offered is admissible if it is competent for any purpose ought not to be used as a sword with which to attack a decedent's estate by destroying the express provisions of G.S. 8-51. We think that the shield provided by G.S. 8-51 excludes that testimony of Flowers and Whitley which tended directly to establish the execution and delivery of the two notes, as well as the consideration given for them. *In Re Will of Chisman,* 175 N.C. 420, 95 S.E. 769 (1918).

When all the competent and incompetent evidence that was admitted is considered, we think there was sufficient evidence to overrule the motion for nonsuit. However, we do not express an opinion with respect to what the competent evidence on a new trial will show.

There were other assignments of error with respect to the admission of evidence and to the charge of the court; some of them have merit, but we do not discuss them for the reason they may not recur on a new trial.

Because of the errors herein pointed out, the defendant is awarded a

New trial.

BRITT and PARKER, JJ., concur.