ATLANTIC DISCOUNT OF AHOSKIE, INC. v. CYNTHIA GRAY SMITH

No. 706DC44

(Filed 24 June 1970)

**Payment § 4— proof of payment — payment as affirmative defense**

In an action to recover on a note, defendant who failed to plead payment as an affirmative defense could not introduce evidence of payment.

APPEAL by plaintiff from *Gay, J.,* 29 August 1969 Session of HERTFORD County, the General Court of Justice, District Court Division.

Plaintiff brought suit against defendant to recover on a note and conditional sales contract allegedly executed by the defendant in the purchase of a 1963 automobile. Plaintiff alleged that the total amount of the note was $2,456.40 and that $409.40 had been paid, leaving $2,047.00 remaining due. Defendant entered a general denial to the allegations. At the trial defendant, over objection, introduced evidence of payment in full of the indebtedness. The jury held for the defendant. Plaintiff assigned error and appealed to the Court of Appeals.

*Leroy, Wells, Shaw, Hornthal & Riley by Dewey W. Wells, and Cherry & Cherry by Thomas L. Cherry for plaintiff appellant.*

*Jones, Jones & Jones by L. Bennett Gram, Jr., for defendant appellee.*

MALLARD, C.J.

Plaintiff assigns as error the court's allowing the defendant to present evidence of payment of the indebtedness when payment was not affirmatively pleaded in defendant's answer.

It is well settled in North Carolina that payment is an affirmative defense and must be specially pleaded.

"Any defense which is intended to operate as a discharge of the obligation set forth in the complaint should be specially pleaded and cannot be proved under a general denial. In a complaint to recover a debt, the usual allegations are the execution of the contract and that it is due and unpaid, but a general denial of these allegations puts in issue only the execution of the instrument or contract, and not the fact of payment." McIntosh, N.C. Practice 2d, § 1236(10)(a).

In *Ellison v. Rix,* 85 N.C. 77 (1881), the Supreme Court said:

"It is true the complaint in the case contains the allegation that the bond sued on has not been paid, but that is an averment that the plaintiff is not required to prove. The *onus* in that case is in the defendant who maintains the affirmative of the issue, and the defense of payment is in *confession and avoidance,* and is *new matter.* That is new matter which shows that a cause of action which once existed has been defeated by something which has subsequently occurred. *Evans v. Williams, supra.* Payment, then, is new matter, and our conclusion is that there was no error in overruling this exception."

In support of her contentions, the defendant cites the case of *Whitley v. Redden,* 5 N.C. App. 705, 169 S.E. 2d 260 (1969). The *Whitley* case, as modified and affirmed by the Supreme Court in an opinion reported in 276 N.C. 263, 171 S.E. 2d 894 (1970), is distinguishable from the instant case.

The defendant, having failed to plead payment, could not introduce evidence of payment. 70 C.J.S., Payment, § 91. See also *Joyce v. Sell,* 233 N.C. 585, 64 S.E. 2d 837 (1951); *Bank v. Barrow,* 189 N.C. 303, 127 S.E. 3 (1925); *Bank v. Knox,* 187 N.C. 565, 122 S.E. 304 (1924); *Averitt v. Elliott,* 109 N.C. 560, 13 S.E. 785 (1891); *Montague v. Brown,* 104 N.C. 161, 10 S.E. 186 (1889).

For the foregoing reasons, the plaintiff is entitled to a new trial.

New trial.

MORRIS and GRAHAM, JJ., concur.